The plaintiff, Holland Manufacturing Company, d/b/a Holland Crane Service ("Holland"), appealed from a summary judgment in favor of the defendant, Alabama Power Company. The Court of Civil Appeals affirmed. Holland Manufacturing Co. v. Alabama *Page 66 Power Co., 689 So.2d 62 (Ala.Civ.App. 1995). We have granted certiorari review.
A summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Lucas v. Alfa Mutual Insurance Co., 622 So.2d 907
(Ala. 1993).
Alabama Power contacted Holland about the possibility of moving a large motor at Alabama Power's Farley Nuclear Plant located near Dothan. At that time, Alabama Power, through its operating agent at the Farley Nuclear Plant, Southern Nuclear Operating Company, often used outside contractors to move large equipment. An employee at the nuclear plant told Holland employees that the motor weighed about 30,000 pounds.
Holland sent a rate schedule for its crane services to the Farley Nuclear Plant. An employee at the Farley Nuclear Plant sent Holland a "blanket purchase order," which would allow Alabama Power employees at the nuclear plant to contact Holland directly for crane services in the future. According to Holland, the employees at the nuclear plant sent the blanket purchase order agreement to Holland so that Farley Nuclear Plant employees would not have to contact Alabama Power's main office in Birmingham when they needed crane services at the plant. It is undisputed that this purchase order was never signed, that no price is set out in the order, and that no terms of the purchase order were ever discussed.
Subsequently, Holland provided crane services for Alabama Power at the Farley Nuclear Plant. Holland's crane was damaged, because the motor weighed 60,000 pounds rather than 30,000 pounds, as Holland had been told. Holland sued Alabama Power, based on the damage to its crane and other equipment.
Alabama Power contended that by providing the crane services at the nuclear plant after receiving the purchase order, Holland accepted all the terms and conditions set out in the order. One of those conditions was that Alabama Power was not liable for any damage or loss to the provider's property, including damage resulting from Alabama Power's negligence. The trial court entered a summary judgment in favor of Alabama Power, and the Court of Civil Appeals affirmed that judgment.
No contract can be formed without an offer, acceptance, consideration, and mutual assent to the terms essential to the contract. Steiger v. Huntsville City Board of Education,653 So.2d 975 (Ala. 1995). Holland contends that there was no mutual assent and, therefore, that the unsigned blanket purchase order with the clause exempting Alabama Power from liability is unenforceable.
As to the lack of signatures on the purchase order, we note that the purpose of a signature on a contract is to show mutual assent and that unless the contract is required by statute to be in writing, it need not be signed, provided it is accepted and acted upon. Lawler Mobile Homes, Inc. v. Tarver,492 So.2d 297 (Ala. 1986). Whether a writing was accepted and acted upon as a contract is a question for a jury. Id.
Holland argues that there was no mutuality of assent as to the terms and conditions in the purchase order. It contends that the mere fact that it attempted to provide the crane services does not show mutual assent to the specific terms in the purchase order.
In opposition to Alabama Power's summary judgment motion, Holland attached the purchase order. The purchase order was a nine-page document. On the last page, in very small print, are certain terms and conditions, including the clause purporting to exempt Alabama Power from liability for damage to Holland's property even if the damage was caused by Alabama Power's negligence. Holland contends that there was never any "meeting of the minds" as to the terms and conditions in the purchase order and that the purchase order was mailed to Holland without any explanation. Holland asserts that there was never any intent on its part to relieve Alabama Power from liability for a negligent act committed by Alabama Power. *Page 67 
We note that contracts against the consequences of one's own negligence are valid and enforceable only "if 'the parties knowingly, evenhandedly, and for valid consideration, intelligently enter into an agreement whereby one party agrees to indemnify against the indemnitee's own wrongs.' "Nationwide Mutual Insurance Co. v. Hall, 643 So.2d 551
(Ala. 1994) (quoting Industrial Tile, Inc. v. Stewart,388 So.2d 171, 175-76 (Ala. 1980)).
Holland presented substantial evidence in opposition to Alabama Power's summary judgment motion. Its evidence creates a fact question as to whether the parties formed a valid and enforceable contract. Therefore, we reverse the summary judgment and remand the cause.
REVERSED AND REMANDED.
ALMON, SHORES, HOUSTON, INGRAM, and COOK, JJ., concur.
HOOPER, C.J., and MADDOX, J., dissent.