The defendant, Coastal Ford, Inc. ("Coastal"), appeals from an order denying its motion to stay the proceedings in this case pending arbitration. We reverse and remand.
On March 5, 1996, Delmar Kidder filed a complaint alleging that Coastal had committed fraud by misrepresenting the mileage of a used pickup truck it sold to Kidder. On April 23, 1996, Coastal moved to dismiss or to stay proceedings in the case pending arbitration pursuant to the parties' agreement. The trial court initially granted Coastal's motion to stay pending arbitration and transferred the case to its "administrative docket." However, after Kidder filed a motion to reconsider that action, the trial court held a hearing and then denied Coastal's motion to stay proceedings pending arbitration. This appeal followed.[1]
On June 13, 1995, Kidder purchased a 1990 Ford F-150 pickup truck from Coastal. Kidder's complaint alleges that when he bought the truck Coastal represented to him that it had been driven 42,785 miles, but that it actually had traveled 142,785 miles. At the time of the purchase, Kidder signed a written purchase agreement entitled "Retail Buyer's Order" (the "contract"). On this document, directly above Kidder's signature, is an arbitration provision that reads as follows: *Page 1286 
"ARBITRATION
 "Buyer/Lessor acknowledges and agrees that the vehicle purchased or leased has traveled in interstate commerce. Buyer/lessor acknowledges that the vehicle and other aspects of the sales or lease transaction are involved in, or have a direct impact upon, interstate commerce.
 "Buyer/lessor and dealer agree that all claims, demands, disputes, or controversies of every kind or nature that may arise between them concerning any of the negotiations leading to the sale or lease of the vehicle, terms and provisions of the sale or lease arrangements for financing, purchase of insurance, purchase of extended warranties or service contracts, the performance or condition of the vehicle, or any other aspects of the vehicle and its sale or lease shall be settled by binding arbitration conducted pursuant to the provision of 9 U.S.C. § 1 et seq. and according to the Commercial Rules of the American Arbitration Association. Without limiting the generality of the foregoing, it is the intention of the buyer/lessor and the dealer to resolve by binding arbitration all disputes between them concerning the vehicle, its sale or lease, and its condition, including disputes concerning the terms and conditions of the sale or lease, the condition of the vehicle, any damage to the vehicle, the terms and meaning of any of the documents signed or given in connection with the sale or lease, any representations, promises or omissions made in connection with negotiations for the sale or lease of the vehicle, or any terms, conditions or representations made in connection with financing, credit life insurance, disability insurance, and vehicle extended warranty or service contract purchased or obtained in connection with the vehicle.
 "Either party may demand arbitration by filing with the American Arbitration Association a written demand for arbitration along with a statement of the matter in controversy. A copy of the demand for arbitration shall simultaneously be served upon the other party. The buyer/lessor and the dealer agree that the arbitration proceedings to resolve all such disputes shall be conducted in the city where the dealer's facility is located."
Coastal also supplied Kidder with an odometer disclosure statement, as required under federal law. See 49 U.S.C. § 32705. That statement, dated the day of the sale and signed by Kidder and Coastal's representative, declares that upon transfer of ownership the odometer read 42,785 miles and "to the best of [Coastal's] knowledge that it reflect[ed] the actual mileage" of the truck.
On appeal, the issue before this Court is whether the trial court properly denied Coastal's motion to stay the proceedings pending arbitration. Coastal argues that the trial court erred in denying its motion because, it argues, Kidder had entered into an enforceable agreement to arbitrate any dispute arising out of the sale of the truck.
We would initially note that the trial court's reasons for denying Coastal's motion to stay the proceedings pending arbitration are unclear. The trial court did not state its reasons for denying that motion, and the record does not contain a transcript of the hearing at which this motion was argued. In his motion to reconsider the earlier order granting a stay pending arbitration, Kidder argued only that a hearing was required before a stay could be ordered and he stated that he "contests the validity of the arbitration clause." Furthermore, Kidder has not submitted a brief to this Court.
Section 8-1-41(3), Ala. Code 1975, prohibits specific enforcement of "[a]n agreement to submit a controversy to arbitration." However, § 2 of the Federal Arbitration Act,9 U.S.C. § 2, provides that a
 " written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."
This Court has recognized that, under this section, the Federal Arbitration Act preempts conflicting state law where an arbitration agreement is voluntarily entered into and is contained in a contract that involves *Page 1287 
interstate commerce. Ex parte Jones, 628 So.2d 316 (Ala. 1993);A.G. Edwards Sons, Inc. v. Syvrud, 597 So.2d 197 (Ala. 1992). Formerly, this Court narrowly interpreted the language "a contract evidencing a transaction involving commerce," requiring a showing that at the time they entered into the agreement to arbitrate the parties "contemplated substantial interstate activity." See, e.g., Ex parte Warren, 548 So.2d 157
(Ala.), cert. denied, 493 U.S. 998, 110 S.Ct. 554,107 L.Ed.2d 550 (1989); Ex parte Jones, supra; Continental Grain Co. v.Beasley, 628 So.2d 319 (Ala. 1993); Allied-Bruce TerminixCompanies, Inc. v. Dobson, 628 So.2d 354 (Ala. 1993). However, this reading, which had the effect of restricting the applicability the Federal Arbitration Act, was rejected by the United States Supreme Court in Allied-Bruce Terminix Companies,Inc. v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753
(1995). In reversing the judgment of this Court, the United States Supreme Court in Allied-Bruce Terminix held that, rather than examining the parties' contemplation of interstate activity, a court considering whether there is "a contract evidencing a transaction involving commerce" should simply look to whether the transaction involved interstate commerce "in fact." Id., 513 U.S. at 276-80, 115 S.Ct. at 841-42, 130
L.Ed.2d. at 766. The United States Supreme Court further held that the language of § 2 gives the Federal Arbitration Act very broad applicability, "reaching to the limits of Congress' Commerce Clause power." Id., 513 U.S. at 270, 115 S.Ct. at 837,130 L.Ed.2d at 764; U.S. Const., Article I, § 8, cl. 3. See also Allied-Bruce Terminix Companies, Inc. v. Dobson,684 So.2d 102 (Ala. 1995) (opinion on remand). Thus, regardless of any conflicting state law, under § 2 of the Federal Arbitration Act, an arbitration provision in a contract that, in fact, involves interstate commerce is put on " 'the same footing' as other terms of a contract." Ex parte Phelps, 672 So.2d 790,793 (Ala. 1995), quoting Allied-Bruce Terminix, 513 U.S. at 275,115 S.Ct. at 840, 130 L.Ed.2d at 769.
We first look to whether the Federal Arbitration Act is applicable to the arbitration agreement contained in the contract for the purchase of the used truck. We note that nothing in the record suggests that the contract itself between Kidder and Coastal is invalid or unenforceable. Thus, the Federal Arbitration Act will apply to the arbitration provision if the contract is one involving interstate commerce in fact, so as to be within Congress's power to regulate under the Commerce Clause.
We recognize that by the contract Kidder acknowledged that the truck he purchased "has traveled in interstate commerce" and that "the vehicle and other aspects of the sales . . . transaction are involved in, or have a direct impact upon, interstate commerce." However, similar language was present in the contracts involved in Ex parte Warren, supra, and Ex parteWilliams, 555 So.2d 146 (Ala. 1989). In both of those cases, this Court held that a contract between an Alabama consumer and an automobile dealership having its sole place of business in Alabama, to purchase and take delivery of an automobile in Alabama did not involve interstate commerce, within the meaning of the Federal Arbitration Act, notwithstanding an acknowledgment that the vehicle had traveled in, and had "an impact" upon, interstate commerce. Ex parte Warren, 548 So.2d at 159-60; Ex parte Williams, 555 So.2d at 147-48. But both of these cases were decided using the "contemplation of substantial interstate activity" test, which, as previously noted, was rejected by the United States Supreme Court in favor of the "commerce in fact" test. See Ex parte Phelps, supra.
There was undisputed evidence that the used truck purchased by Kidder had actually traveled in interstate commerce. Therefore, we hold, under the "commerce in fact" test, that the contract for the sale of the truck did involve interstate commerce and thus came within Congress's regulatory authority under the Commerce Clause. Accordingly, the Federal Arbitration Act does apply to make the arbitration provision in this case enforceable.
Finally, given that the arbitration provision is enforceable, we must decide whether it applies to Kidder's fraud claim in this case. A court faced with a motion to stay proceedings pursuant to an arbitration *Page 1288 
agreement must determine "whether the language or 'scope' of the arbitration clause is broad enough to encompass the claims sought to be arbitrated." Allied-Bruce Terminix, 684 So.2d at 103 (citation omitted). "Such a determination must begin with a recognition of the federal policy favoring arbitration. . . ."Id., 684 So.2d at 104.
 " 'Nevertheless, the question of whether a contract's arbitration clause requires arbitration of a given dispute remains a matter of contract interpretation. . . . A party may not be required to arbitrate a dispute it did not agree to arbitrate; "[i]f the contract does not [provide for arbitration], then no Federal law requires arbitration." ' "
Id., 684 So.2d at 107 (citations omitted). The question whether an arbitration clause applies to a claim is a matter of state-law contract interpretation, which
 "is guided by the intent of the parties, and which intent, absent ambiguity in the clause, is evidenced by the plain language of the clause. Ex parte Warrior Basin Gas Co.[, 512 So.2d 1364
(Ala. 1987)]. Whether a contract is ambiguous is a question of law to be determined by the court. Austin v. Cox, 523 So.2d 376 (Ala. 1988)."
Id., 684 So.2d at 110 (footnote omitted). See also Ex parteGates, 675 So.2d 371 (Ala. 1996).
Applying the foregoing principles to this case, we conclude that the arbitration clause clearly does apply to Kidder's fraud claim. The language of the arbitration clause is not ambiguous; once again, it applies to
 "all disputes . . . concerning the vehicle, its sale or lease, and its condition, including disputes concerning the terms and conditions of the sale or lease, the condition of the vehicle, any damage to the vehicle, the terms and meaning of any of the documents signed or given in connection with the sale or lease, any representations, promises or omissions made in connection with negotiations for the sale or lease of the vehicle. . . ."
The question whether Coastal misrepresented the mileage of the truck is a dispute "concerning" both the condition of the vehicle at the time of the sale and a "representation . . . made in connection with negotiations for the sale" of the vehicle. Further, the undisputed evidence shows that the odometer disclosure statement was given to Kidder at the time of the sale, so any claim concerning the "terms and meaning" of this document, "signed or given in connection with the sale," also would be within the scope of the arbitration clause.
For the reasons stated above, we hold that the trial court erred in denying Coastal's motion to stay the proceedings pending arbitration of Kidder's fraud claim. The order denying the stay is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, KENNEDY, and BUTTS, JJ., concur.
[1] Orders refusing to stay proceedings pending arbitration and orders refusing to compel arbitration are appealable. See9 U.S.C. § 16(a)(1)(A) and (B), part of the Federal Arbitration Act, and A.G. Edwards Sons, Inc. v. Clark, 558 So.2d 358,360-61 (Ala. 1990); Continental Grain Co. v. Beasley,628 So.2d 319, 322 n. 3 (Ala. 1993).