Jo Ann Tolbert sued Keel Motors, Inc., Frank Robert Dial, Wesley McCoy, and Angela King ("the defendants"), alleging unlawful imprisonment, "intentional infliction of mental anguish," the tort of outrage, and wanton and malicious injury in connection with the repossession of an *Page 964 
automobile she purchased from the defendants. The critical issue in this case is whether the defendants offered sufficient evidence to show that the transaction substantially affected interstate commerce, so that the trial court erred in denying their motion to compel arbitration. The trial court, in refusing to compel arbitration, relied upon this Court's decision in Tefco Finance Co. v. Green, 793 So.2d 755 (Ala. 2001). The defendants contend that this case is distinguishable from Tefco, because, they say, they presented to the trial court more evidence on the question whether the transaction had a substantial effect on interstate commerce than did the defendants in Tefco. The defendants also contend that the trial court erred in denying their motion to permit them to engage in limited discovery to determine whether the transaction did, in fact, have a substantial effect on interstate commerce.
We believe that the facts of this case are substantially similar to those in Tefco, and that the judgment of the trial court is due to be affirmed.
The principle of law set out in Tefco was reaffirmed in AmericanGeneral Finance, Inc. v. Morton, 812 So.2d 282 (Ala. 2001), where the Court cited Tefco and stated the following:
 "In Tefco, Pamela Green bought a used car from an Alabama automobile dealer. A dispute arose over payments, and Green sued the dealership, alleging fraud and breach of contract. The dealership made a motion to compel arbitration and offered the arbitration agreement and an affidavit in support thereof. The affidavit contained facts that appeared to isolate the transaction within the State of Alabama. The dealership argued that the car was manufactured outside Alabama and that, by its very nature, it could be transported across state lines. The trial court denied the motion to compel arbitration, and this court affirmed. We concluded that the affidavit offered by the dealership did not contain sufficient evidence of an effect on interstate commerce. We went on to hold that the contract for the sale of the used car to Green in Alabama, which car was manufactured outside Alabama and was capable of traveling outside the state, did not per se involve interstate commerce and, therefore, that the arbitration clause was unenforceable."
812 So.2d at 289. In this case, Frank Robert Dial, the manager of Keel Motors, Inc., offered an affidavit in which Dial stated that according to records he had obtained, the 1992 Diamante Mitsubishi automobile the plaintiff purchased was shipped into the "port of entry" at Brunswick, Georgia, by Mitsubishi Motor Sales of America, Inc., for transport by truck to Tameron Automotive Group, Inc., located at 1675 Montgomery Highway, in Birmingham; that the vehicle was subsequently leased in July 1992 to Harold Dunn; and that the lease was assigned to General Electric Capital Auto Lease, Inc., 1080 Holcomb Bridge Road, Roswell, Georgia. In his affidavit, he further stated that Keel Motors, on or about July 2, 1999, purchased the automobile from Farr of Alabama, Inc., d/b/a Auburn Mazda, and that in preparing the vehicle for resale he, personally, on two separate occasions, drove the vehicle to an auto dealership located in Columbus, Georgia, and had the vehicle serviced.
After examining the record in this case, and considering the arguments of the parties, we are of the opinion that the facts of this case are not substantially different from those in Tefco, and that the trial court did not err *Page 965 
in denying the defendants' motion to compel arbitration. We also hold that the trial court did not err when it denied the motion for leave to conduct limited discovery filed by the defendants.
This opinion was prepared by retired Justice Hugh Maddox, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
Moore, C.J., and Houston, See, Lyons, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.