828 So.2d 288 (2002)
KENWORTH OF BIRMINGHAM, INC., and Randy Hall
v.
Jeff LANGLEY.
1010077.
Supreme Court of Alabama.
March 8, 2002.
*289 John Martin Galese, Jeffrey L. Ingram, and David A. Norris of Galese & Ingram, P.C., Birmingham, for appellants.
Ted Mann and Robert Potter of Mann, Cowan & Potter, P.C., Birmingham, for appellee.
HOUSTON, Justice.
The defendants, Kenworth of Birmingham, Inc. (hereinafter "Kenworth"), and Randy Hall, appeal the trial court's denial of their motion to compel arbitration of the claims brought against them by the plaintiff, Jeff Langley. We reverse and remand.
Langley purchased a used Kenworth tractor-trailer from Kenworth in 1997 for $52,000. As part of the purchase, Langley applied for and obtained credit from Green Tree Financial Corp. (hereinafter "Green Tree"), a St. Paul, Minnesota, corporation. The "Buyers Order" indicated that Green Tree is the lienholder of the tractor-trailer, *290 and the installment sales contract and the security agreement executed in conjunction with the purchase indicated that Green Tree would be the assignee. Langley also executed two different arbitration agreements in connection with the sale and financing of the tractor-trailer.
Subsequently, Langley sued Kenworth and Hall, claiming that they misrepresented to him that the tractor-trailer had not previously sustained any damage other than damage to the sleeper.[1] Langley claims that the tractor-trailer had, in fact, previously sustained other damage and that it had been repaired.
After the action was filed, Kenworth and Hall filed a motion to compel arbitration. The trial court denied the motion, and Kenworth and Hall appeal.
"This Court reviews de novo the denial of a motion to compel arbitration. Parkway Dodge, Inc. v. Yarbrough, 779 So.2d 1205 (Ala.2000). A motion to compel arbitration is analogous to a motion for a summary judgment. TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala.1999). The party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that that contract evidences a transaction affecting interstate commerce. Id. `[A]fter a motion to compel arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question.' Jim Burke Automotive, Inc. v. Beavers, 674 So.2d 1260, 1265 n. 1 (Ala.1995) (opinion on application for rehearing)."

Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277, 280 (Ala.2000) (emphasis omitted). The only argument presented on appeal is whether the transaction, i.e., Langley's purchase of a used tractor-trailer, had a substantial effect upon interstate commerce, thus triggering application of the Federal Arbitration Act (hereinafter the "FAA"), 9 U.S.C. § 1 et seq.
The FAA provides: "A written provision in ... a contract evidencing a transaction involving interstate commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction... shall be valid, irrevocable, and enforceable...." 9 U.S.C. § 2. We have held that the FAA "mandates the arbitration of claims encompassed by an arbitration clause that is contained in a binding contract that involves interstate commerce." Ex parte Conference America, Inc., 713 So.2d 953, 955 (Ala.1998). Furthermore, "the FAA will apply to [an] arbitration agreement if it appears in a contract evidencing a transaction `involving interstate commerce in fact, so as to be within Congress's power to regulate under the Commerce Clause.'" Jim Burke Auto., Inc. v. McGrue, 826 So.2d 122, 129 (Ala.2002) (quoting Coastal Ford, Inc. v. Kidder, 694 So.2d 1285, 1287 (Ala.1997)).
This Court has declined to adopt the proposition that the purchase of a used motor vehicle is per se a transaction involving interstate commerce. Southern United Fire Ins. Co. v. Knight, 736 So.2d 582, 587 (Ala.1999). Instead, in Jim Burke Auto., supra, we applied the factors used in Sisters of the Visitation v. Cochran Plastering Co., 775 So.2d 759 (Ala.2000), to determine if a transaction has had a "substantial effect" on interstate commerce:
"These factors are: (1) the citizenship of the parties and any affiliation they have with out-of-state entities; (2) tools and *291 equipment used in performance of the contract; (3) allocation of the contract price to cost of services and to cost of materials involved in performance of the contract; (4) subsequent movement of the object of the contract across state lines; and (5) the degree to which the contract at issue was separable from other contracts that are subject to the FAA."
Jim Burke Auto., 826 So.2d at 129 (citing Sisters of the Visitation, 775 So.2d at 765-66).
We conclude that Kenworth and Hall met their burden as to these factors. Langley applied for and obtained credit for the purchase through Green Tree, a Minnesota corporation. The "Buyers Order" indicates that Green Tree would be the lienholder of the tractor-trailer and that the installment sales contract would be assigned to it. We therefore hold that Kenworth and Hall have met their burden of demonstrating that the contract in question substantially affected interstate commerce, and the trial court erred in denying the motion to compel arbitration.[2] We reverse its order denying the motion to compel arbitration and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SEE, LYONS, BROWN, WOODALL, and STUART, JJ., concur.
JOHNSTONE and HARWOOD, JJ., concur specially.
MOORE, C.J., dissents.
JOHNSTONE, Justice (concurring specially).
I concur in the main opinion. I note from the record that the plaintiff-buyer Langley not only authorized the Minnesota corporation to deduct his payments from his Alabama checking account but also, more importantly, appointed the Minnesota corporation as his attorney-in-fact for the purpose of obtaining the title certificate to be issued to him by the State of Alabama pursuant to Kenworth's sale of the vehicle to him. This latter participation by the Minnesota corporation is, in my opinion, the sine qua non of a substantial effect of this particular vehicle sale-and-purchase on interstate commerce.
HARWOOD, J., concurs.
NOTES
[1] Langley also sued Action Truck and Trailer, Inc., and Diane Landis; however, only Kenworth and Hall appealed.
[2] Langley argues that the facts of this case are similar to those in Tefco Finance Co. v. Green, 793 So.2d 755 (Ala.2001), and Keel Motors, Inc. v. Tolbert, 821 So.2d 963 (Ala.2001). In each of those cases we held that the purchase of a used automobile for personal use did not involve interstate commerce. Both of those cases, however, are distinguishable from this case because the defendants in those cases presented no evidence, other than the fact that the automobile was manufactured outside of Alabama, indicating that the purchases affected interstate commerce. See also Jim Burke Auto., supra (distinguishing Tefco, and holding that the purchase of a used vehicle financed by out-of-state corporations substantially affected interstate commerce).