On Application for Rehearing
The opinion of February 28, 2003, is withdrawn, and the following is substituted therefor.
The plaintiffs, Michael Bowen and Britta Bowen, appeal from an order of the Tallapoosa Circuit Court compelling them to arbitrate their claims against the defendant Security Pest Control, Inc. ("SPC"). We affirm.
In April 1999, Michael Bowen entered into a contract with SPC pursuant to which SPC agreed to treat the Bowens' house for termites. The contract indicated that the cost of the treatment was $1,490, and it contained an arbitration provision, which states in its entirety:
 "In the event of a dispute between [SPC] and/or its employees and Customer with respect to interpretation of the terms and conditions of this agreement, including the making of this agreement, or breach of any provision of this agreement, the parties hereby expressly agree to submit their dispute to binding arbitration for resolution in accordance with the rules and requirements of the American Arbitration Association. The parties acknowledge and understand that by agreeing to submit their dispute to binding arbitration they are effectively waiving their right to trial by jury as a means of resolving disputes. Furthermore, the parties acknowledge that they desire to arbitrate any dispute arising from this agreement in an effort to resolve such dispute(s) quickly and avoid the costs of litigation. The parties further agree that any arbitration proceedings shall take place in Alexander City, Alabama."
SPC treated the Bowens' house with a termiticide called "Navigator TC." The treatment process included boring holes under the Bowens' house with special drilling equipment.
In June 2000, the Bowens discovered that termites had damaged their house. Specifically, they allege that termites destroyed *Page 1141 
approximately one-third of the entire structure of their house, and that it will cost $50,000 to repair the damage. In May 2001, the Bowens sued SPC, asserting numerous claims, including breach of contract, negligence, and fraud. In August 2001, SPC moved the trial court to compel arbitration. The trial court granted SPC's motion, and the Bowens appeal.
 Standard of Review "`[T]he standard of review of a trial court's ruling on a motion to compel arbitration at the instance of either party is a de novo determination of whether the trial judge erred on a factual or legal issue to the substantial prejudice of the party seeking review.' Ex parte Roberson, 749 So.2d 441, 446 (Ala. 1999). Furthermore:
 "`A motion to compel arbitration is analogous to a motion for summary judgment. TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala. 1999). The party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that that contract evidences a transaction affecting interstate commerce. Id.
"After a motion to compel arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question."'
 "Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277, 280 (Ala. 2000) (quoting Jim Burke Auto., Inc. v. Beavers, 674 So.2d 1260, 1265 n. 1 (Ala. 1995) (emphasis omitted))."
Vann v. First Cmty. Credit Corp., 834 So.2d 751, 752-53 (Ala. 2002).
 Discussion
The Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("the FAA"), provides: "A written provision in . . . a contract evidencing a transaction involving interstate commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable. . . ." 9 U.S.C. § 2. We have held that the FAA "mandates the arbitration of claims encompassed by an arbitration clause that is contained in a binding contract that involves interstate commerce." Ex parte Conference America, Inc.,713 So.2d 953, 955 (Ala. 1998). Moreover, the FAA "provides for `the enforcement of arbitration agreements within the full reach of the Commerce Clause.'" Citizens Bank v. Alafabco, Inc.,539 U.S. 52, 56, 123 S.Ct. 2037, 2040, 156 L.Ed.2d 46 (2003) (quotingPerry v. Thomas, 482 U.S. 483, 490, 107 S.Ct. 2520,96 L.Ed.2d 426 (1987)). The application of the FAA is not defeated if the individual transaction at issue, taken alone, does not have asubstantial effect on interstate commerce. Citizens Bank,539 U.S. at 56, 123 S.Ct. at 2040. Instead, "Congress' Commerce Clause power `may be exercised in individual cases without showing any specific effect upon interstate commerce' if in the aggregate the economic activity in question would represent `a general practice . . . subject to federal control.'" Id.
(quoting Mandeville Island Farms, Inc. v. American Crystal SugarCo., 334 U.S. 219, 236, 68 S.Ct. 996, 92 L.Ed. 1328 (1948)).
The Bowens argue that SPC failed to prove that the transaction in this case sufficiently affected interstate commerce. InCitizens Bank, an Alabama lending institution, Citizens Bank, agreed to provide operating capital to Alafabco, Inc., a construction company. 539 U.S. at 53, 123 S.Ct. at 2038. Alafabco subsequently began suffering financial difficulties, allegedly because of misconduct on Citizens Bank's part. Alafabco sued Citizens Bank, *Page 1142 
alleging, among other things, breach of contract, fraud, and breach of fiduciary duty. One of the loan agreements between Citizens Bank and Alafabco contained an arbitration provision, which Citizens Bank attempted to invoke; Alafabco, however, argued that the provision was unenforceable because, it argued, the transaction did not sufficiently affect interstate commerce to trigger application of the FAA. As this Court noted recently in Wolff Motor Co. v. White, 869 So.2d 1129, 1133 (Ala. 2003) (citing Citizens Bank, 539 U.S. at 56, 123 S.Ct. at 2040), the United States Supreme Court held that the transaction at issue sufficiently involved interstate commerce for at least three reasons: "(1) Alafabco engaged in business throughout the southeastern United States; (2) the transaction involved a business that purchased substantial quantities of goods that have moved in interstate commerce; and (3) the `general practice' of the transaction at issue was of the sort subject to Congress's Commerce Clause power."
Based upon the United States Supreme Court's holding inCitizens Bank, we hold that the transaction at issue in the instant case sufficiently involves interstate commerce to trigger application of the FAA. First, SPC is engaged in commerce in both Alabama and Georgia. Although SPC has its principal place of business in Alexander City, Alabama, it also services accounts in Georgia, and it is licensed to do business in that state. Second, SPC purchased the Navigator TC termiticide from a corporation located in Connecticut, and purchased the tools and equipment used to apply the termiticide from a corporation located in Tennessee. Finally, Navigator TC is registered with the Environmental Protection Agency and is approved by that agency for use to control subterranean termites. For these reasons, we hold that the transaction in this case sufficiently affected interstate commerce as to trigger application of the FAA. SeeCitizens Bank, supra; Wolff Motor Co., 869 So.2d at 1133.
The Bowens also maintain that the trial court erred in ordering that Britta Bowen's claims be arbitrated. Specifically, the Bowens argue that Britta did not sign the arbitration agreement; therefore, they argue, she did not agree to arbitration.
 "Whether a contract exists must be determined under general state-law contract principles. Crown Pontiac, Inc. v. McCarrell, 695 So.2d 615 (Ala. 1997). The purpose of a signature on a contract is to show mutual assent, see Ex parte Holland Mfg. Co., 689 So.2d 65 (Ala. 1996); Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297 (Ala. 1986); Ex parte Pointer, 714 So.2d 971 (Ala. 1997); however, the existence of a contract may also be inferred from other external and objective manifestations of mutual assent. Unless a contract is required by a statute to be signed (the FAA contains no such requirement), or by the Statute of Frauds to be in writing (the contract here is not subject to Alabama's Statute of Frauds, Ala. Code 1975, § 8-9-2, which requires the signature of the party against whom enforcement is sought), or unless the parties agree that a contract is not binding until it is signed by both of them (there is no evidence of such an agreement), it need not be signed by the party against whom enforcement is sought, provided it is accepted and acted upon."
Ex parte Rush, 730 So.2d 1175, 1177-78 (Ala. 1999).
Although Britta did not sign the document containing the arbitration provision, she did sign a document that described the areas of the home that SPC treated. Moreover, Britta is suing SPC based on *Page 1143 
allegations of, among other things, breach of contract.
A plaintiff cannot seek the benefits of a contract but at the same time avoid the arbitration provision in the contract. WolffMotor Co., 869 So.2d at 1136. Instead, "she must accept or reject the entire contract." Credit Sales, Inc. v. Crimm,815 So.2d 540, 546 (Ala. 2001). Britta's claims, including her breach-of-contract claim, rely on the contract to support her claims for damages. Therefore, she is bound by the arbitration provision in the contract. Infiniti of Mobile, Inc. v. Office,727 So.2d 42, 48 (Ala. 1999); Delta Constr. Corp. v. Gooden,714 So.2d 975, 981 (Ala. 1998).
Finally, the Bowens argue that this Court should remand the case for the trial court to consider whether the arbitration provision is unconscionable. The record indicates that the parties thoroughly argued this issue before the trial court in their various pleadings submitted both in support of and in opposition to SPC's motion to compel arbitration. The trial court's order compelling arbitration does not, however, state its grounds for ordering arbitration or include any findings of fact. When a trial court does not state specific grounds or findings in its ruling on a motion to compel arbitration, this Court will assume that the trial court made those findings necessary to justify its judgment. Ryan Warranty Servs., Inc. v. Welch,694 So.2d 1271, 1273 (Ala. 1997); see also Smith v. CiticorpPerson-to-Person Fin. Ctrs., Inc., 477 So.2d 308, 309 (Ala. 1985) ("When the trial court makes no formal findings of fact, the reviewing court will assume that the trial court made those findings which will justify the [judgment] rendered."). Therefore, we must assume that the trial court found the arbitration provision not to be unconscionable. Because the Bowens argue only that the trial court failed to make this finding, and do not assert the underlying merits of this claim, we must affirm the trial court's judgment as to this issue.
 Conclusion
We hold that the trial court correctly compelled the Bowens to submit their claims against SPC to arbitration. The judgment is affirmed.
APPLICATION GRANTED; OPINION OF FEBRUARY 28, 2003, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
HOUSTON, SEE, LYONS, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., dissents.