883 So.2d 1207 (2003)
COOK'S PEST CONTROL, INC.
v.
Fred HASTINGS and Brenda Hastings.
1021795.
Supreme Court of Alabama.
December 12, 2003.
Clifton E. Slaten, Mindi C. Robinson, M. Andrew Donaldson, and Jason J. Baird of Slaten & O'Connor, P.C., Montgomery, for appellant.
Submitted on appellant's brief only.
HOUSTON, Justice.
The Marshall Circuit Court denied the motion to compel arbitration filed by Cook's Pest Control, Inc. ("Cook's"), finding that the transaction did not involve interstate commerce; the court's ruling was based on our now abrogated decision in Sisters of the Visitation v. Cochran Plastering Co., 775 So.2d 759 (Ala.2000). We reverse the order denying the motion and remand the cause for consideration in light of Service Corp. International v. Fulmer, 883 So.2d 621 (Ala.2003), and Bowen v. Security Pest Control, Inc., 879 So.2d 1139 (Ala.2003).
REVERSED AND REMANDED.
BROWN and WOODALL, JJ., concur.
LYONS and JOHNSTONE, JJ., concur in the result.
JOHNSTONE, Justice (concurring in the result).
I concur in the result. On remand the issue of whether the transaction "involved" interstate commerce should be analyzed by reference directly to Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003), which reversed Sisters of the Visitation v. Cochran Plastering Co., 775 So.2d 759 (Ala.2000). In my opinion, Service Corp. International v. Fulmer, 883 So.2d 621 (Ala.2003), and Bowen v. Security Pest Control, Inc., 879 So.2d 1139 (Ala.2003), gratuitously and invalidly expand Citizens Bank, which is already expansive enough, in identifying the characteristics of a transaction that will constitute such "involvement" of interstate commerce as will support the application of the Federal Arbitration Act. See my special writings in Fulmer and Bowen.