PER CURIAM.
I.C.E. Contractors, Inc. (“ICE”), appeals from the trial court’s order granting a motion to compel arbitration filed by Martin & Cobey Construction Company, Inc. (“Martin & Cobey”). We reverse and remand.

Facts and Procedural History

On October 31, 2008, ICE sued Martin & Cobey, Scannell Properties # 78, LLC (“Scannell”), Regions Bank (“Regions”), and FedEx Freight East, Inc. (“FedEx”).[1] The complaint alleged breach of contract and other claims against Martin & Cobey arising from the alleged failure of Martin & Cobey to pay for construction materials and/or equipment supplied to Martin & Cobey by ICE. The complaint alleged that Martin & Cobey, on or about December 11, 2007, had entered into the contract it allegedly breached. Martin & Cobey answered the complaint on December 8, 2008.
On December 9, 2008, Martin & Cobey filed a motion to compel arbitration and to stay the matter pending arbitration. Attached to the motion was a document entitled “Standard Short Form Agreement Between Contractor and Subcontractor” (“the form agreement”) and dated October 15, 2007. The form agreement named Martin & Cobey and ICE as the parties to the agreement, and it provided that if neither direct discussions nor mediation resolved a dispute between the parties, the parties agreed to use arbitration to resolve the dispute. However, the form agreement was not signed by Martin & Cobey or ICE.
On December 31, 2008, ICE filed an opposition to Martin & Cobey’s motion to compel arbitration. Attached to the opposition was an affidavit of the president of ICE, Guy W. Smith. Smith testified that ICE never agreed to the terms of the form agreement and that ICE never entered into any agreement that would obligate ICE to arbitrate the claims set forth in its complaint.
On January 7, 2009, Martin & Cobey responded to ICE’s opposition to the motion to compel arbitration. In that response, Martin & Cobey argued that the form agreement is the only contract in evidence and that ICE is estopped from objecting to arbitration because, it argued, ICE is seeking the benefits of the form agreement without the responsibilities of the form agreement. The response also contended that “even if ICE is not es-topped from objecting to arbitration, the issues within the above-styled matter are so intertwined with the issues contained in the [ongoing] arbitration between Martin & Cobey and Scannell that compelling arbitration is appropriate.”[2]
On January 8, 2009, ICE replied to Martin & Cobey’s response to ICE’s opposition *725 to the motion to compel arbitration. Attached to this reply was another affidavit of the president of ICE. He testified that ICE did not perform any work under the terms of the form agreement. He further testified:
“The agreement between ICE and Martin & Cobey with regard to the work performed by ICE on the Scannell project was comprised of various estimates and change orders which were submitted to Martin & Cobey by ICE and approved by Martin & Cobey, as well as job specifications, emails, and other correspondence between Martin & Cobey and ICE. An example of these documents is the fax dated December 11, 2007 from ICE to Martin & Cobey attached hereto as Exhibit ‘A’ which was a revised pricing proposal for the project based on specifications provided by Martin & Cobey to ICE as of December 11, 2007. Martin & Cobey accepted this proposal and ICE commenced work on the project after December 11, 2007. Martin & Cobey and ICE did not enter into any agreement to perform work on the project prior to December 11, 2007.”
A hearing was held on the motion to compel arbitration on January 9, 2009. On January 12, 2009, the trial court ordered a stay of further proceedings and granted Martin & Cobey’s motion to compel arbitration. ICE appealed.

Standard of Review

“‘[T]he standard of review of a trial court’s ruling on a motion to compel arbitration at the instance of either party is a de novo determination of whether the trial judge erred on a factual or legal issue to the substantial prejudice of the party seeking review.’ ” Vann v. First Cmty. Credit Corp., 834 So.2d 751, 752-53 (Ala. 2002) (quoting Ex parte Roberson, 749 So.2d 441, 446 (Ala.1999) (emphasis omitted)). “The party seeking to compel arbitration has the initial burden of proving the existence of a written contract calling for arbitration and proving that that contract evidences a transaction involving interstate commerce.” Polaris Sales, Inc. v. Heritage Imports, Inc., 879 So.2d 1129, 1132 (Ala.2003). ““‘[A]fter a motion to compel arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question.” ’ ” Ken-worth of Birmingham, Inc. v. Langley, 828 So.2d 288, 290 (Ala.2002) (quoting Fleet-wood Enters., Inc. v. Bruno, 784 So.2d 277, 280 (Ala.2000), quoting in turn Jim Burke Auto., Inc. v. Beavers, 674 So.2d 1260, 1265 n. 1 (Ala.1995)).

Discussion

ICE contends that the trial court erred in ordering that its claims against Martin & Cobey be arbitrated because, ICE says, Martin & Cobey did not meet its initial burden of proving the existence of a contract calling for arbitration. In Alabama, one of the requisite elements of a valid contract is mutual assent to the essential terms of the contract. Avis Rent A Car Sys., Inc. v. Heilman, 876 So.2d 1111, 1118 (Ala.2003). ICE contends that Martin & Cobey did not prove mutual assent to the terms, including the arbitration provision, of the unsigned form agreement attached to Martin & Cobey’s motion to compel arbitration. We agree.
‘“Whether a contract exists must be determined under general state-law contract principles. Crown Pontiac, Inc. v. McCarrell, 695 So.2d 615 (Ala.1997). The purpose of a signature on a contract is to show mutual assent, see Ex parte Holland Mfg. Co., 689 So.2d 65 (Ala. 1996); Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297 (Ala.1986); Ex parte Pointer, 714 So.2d 971 (Ala.1997); *726 however, the existence of a contract may also be inferred from other external and objective manifestations of mutual assent. Unless a contract is required by a statute to be signed (the [Federal Arbitration Act] contains no such requirement), or by the Statute of Frauds to be in writing (the contract here is not subject to Alabama’s Statute of Frauds, Ala. Code 1975, § 8-9-2, which requires the signature of the party against whom enforcement is sought), or unless the parties agree that a contract is not binding until it is signed by both of them (there is no evidence of such an agreement), it need not be signed by the party against whom enforcement is sought, provided it is accepted and acted upon.’ ”
Bowen v. Security Pest Control, Inc., 879 So.2d 1139, 1142 (Ala.2003) (quoting Ex parte Rush, 730 So.2d 1175, 1177-78 (Ala. 1999)).
In the present case, the only evidence presented by Martin & Cobey was the form agreement, which was not signed by either party. Martin & Cobey simply did not present any evidence of mutual assent to the terms of the form agreement. Martin & Cobey did not present a signature on a contract to show mutual assent to an arbitration agreement, nor did it present any evidence of any external and objective manifestations of mutual assent to the terms of the form agreement. Therefore, Martin & Cobey did not meet its initial burden of proving the existence of a written contract calling for arbitration.
Martin & Cobey alleges that ICE manifested assent to the form agreement because, Martin & Cobey says, ICE seeks to enforce payment by Martin & Cobey under the form agreement. See Bowen, 879 So.2d at 1143 (holding that “[a] plaintiff cannot seek the benefits of a contract but at the same time avoid the arbitration provision in the contract”). Specifically, Martin & Cobey argues:
“[I]n the present case, the Circuit Court had evidence before it that ICE benefit-ted from and relied on the [form agreement]. First, it is undisputed that the [form agreement] amount is $748,250.00 (C. at 29) or, based on the figure included in the Revised FedEx Pricing, $790,800.00 (C. at 109.) However, ICE claims only $178,377.50 for the remaining portion of the unpaid [form agreement]. (See C. at 5.) In other words, ICE has received at least $612,422.50, worth of payments, which could only have been obtained using the pay application attached to the [form agreement]. (See C. at 44.)”
Martin & Cobey’s brief, at 20-21.
However, Martin & Cobey has not presented any evidence to support its bare assertion that ICE seeks to enforce payment by Martin & Cobey under the form agreement dated October 15, 2007, or that ICE could have received payments only “using the pay application attached to the [form agreement].” On the other hand, ICE presented affidavit testimony indicating that it never agreed to the terms of the form agreement. Also, the breach-of-contract claim in ICE’s complaint explicitly seeks to recover under a contract entered into “on or about December 11, 2007,” not October 15, 2007. Martin & Cobey failed to present any evidence indicating that ICE is seeking the benefits of the form agreement but at the same time attempting to avoid the arbitration provision in the form agreement.

Conclusion

Martin & Cobey failed to meet its initial burden of proving the existence of a written contract calling for arbitration; thus, the trial court erred in ordering that ICE’s claims be arbitrated. Therefore, we reverse the trial court’s order and remand *727 this case for proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and WOODALL, SMITH, PARKER, and SHAW, JJ., concur.

. On December 19, 2008, ICE filed a notice of dismissal as to Regions, and Regions was dismissed as a defendant on January 6, 2009. Scannell and FedEx are not here on appeal.

. This argument concerning the intertwining of issues has been abandoned on appeal. Martin & Cobey’s brief states that "[w]hile the circuit court properly considered the intertwining of the issues raised in the suit between Martin & Cobey and [Scannell] in determining whether to enforce arbitration between ICE and Martin & Cobey, Martin & Cobey and Scannell resolved their dispute after this appeal was filed, and such an analysis is no longer relevant.” Martin & Cobey’s brief, at 7 n. 2.