MURDOCK, Justice
(concurring in the result).
The main opinion correctly concludes that “Rampey assented to be bound by [the arbitration] provision when he admittedly wrote his initials on the line next to [that] provision” and signed his name in the signature lines at the end of the contract; 166 So.3d at 659. I agree, and, based on general principles of contract law, I find this conclusion sufficient to the end achieved here. I therefore find it unnecessary to rely, as does the main opinion, upon the decision in Stiles v. Home Cable Concepts, Inc., 994 F.Supp. 1410 (M.D.Ala.1998). In fact, I find Stiles to be inapposite to the present case.
First, the statements from Stiles quoted in the main opinion, see 166 So.3d at 659-60, were made in the context of an arbitration clause that, on the one hand, was not accompanied by a signature line dedicated specifically to that clause and, on the other hand, was not initialed by the party resisting arbitration. In this context, the key passage from the Stiles opinion quoted in the main opinion, i.e., “ ‘there is no re- *662 quireraent that every single provision of a contract, including the arbitration clause, must be signed in order to form part of the agreement,’ ” 166 So.3d at 659 (emphasis omitted), lacks significant probative value in a case, such as this one, where the arbitration clause is accompanied by an unsigned signature line dedicated solely to that clause.
In addition to its lack of significant probative value as to the peculiar facts presented in this case, I am reluctant to rely upon Stiles for another reason. In Stiles the federal district court went so- far as to impose upon a consumer a requirement to arbitrate pursuant to a provision in an original contract that did not mention arbitration but instead purported to allow a credit-card issuer to change any of the terms of the agreement between it and the consumer by unilateral notification so long as the consumer did not reject the proposed changes in writing within a prescribed period following such notification. Regardless of whatever merit this holding may have in regard to a consumer contract such as the one at issue in Stiles, I see no reason to quote with approval from a decision that goes this far in order to achieve the result achieved in the present case.
I also find inapposite to the present case the principle invoked in that portion of the main opinion that follows its invocation of Stiles. Specifically, the main opinion seizes upon the proposition that “ ‘[a] plaintiff cannot seek the benefits of a contract but at the same time avoid the arbitration provision in the contract.”’ 166 So.3d at 660 (quoting Bowen v. Security Pest Control, Inc., 879 So.2d 1139, 1143 (Ala.2003)). The only argument made by Rampey in the present case, however, is that, because he did not sign the signature line dedicated to the arbitration provision, the arbitration provision is not “in the contract.” He does not go further and argue that, even if that arbitration provision is part of the contract, he would not be bound by it for some reason, even as he seeks to benefit from other parts of the contract. The stated principle is therefore inapposite.