SELLERS, Justice.
STV One Nineteen Senior Living, LLC ("STV"), appeals from an order of the Jefferson Circuit Court denying STV's motion to compel arbitration of certain counterclaims filed against it by Dixie Boyd, by and through her agent, Mary Alice Boyd-Kline, under a valid power of attorney. We reverse and remand.
Facts
On December 26, 2013, Dixie Boyd and Mary Alice Boyd-Kline, as holder of Boyd's power of attorney, signed a "residency agreement" with STV, which operated an assisted-living facility, in which STV agreed to provide Dixie Boyd with a private apartment and other related services, including, among other things, utilities, housekeeping, laundry, meals, maintenance, planned activities, transportation, and security and protection. The residency agreement contained the following arbitration clause:
"[STV] and [Boyd] agree that [STV] is engaged in interstate commerce and that, except for claims, disputes or controversies relating to unpaid Monthly Fees or the right to possession of the Apartment, any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules ...."
(Emphasis added.)
Boyd resided at STV's facility from December 26, 2013, through March 18, 2016. On May 28, 2016, STV filed a collection action against Boyd, seeking to recover $10,475.28 in unpaid rent, plus statutorily stated interest, late fees, attorney fees, and court costs. On July 5, 2016, Boyd and Mary Alice Boyd-Kline (hereinafter referred to collectively as "Boyd") filed counterclaims against STV and fictitiously named defendants, alleging negligence, wantonness, negligent supervision and training, premises liability, and breach of contract. The counterclaims were based on the following allegation:
"On or about February 28, 2016, STV failed to sufficiently supervise certain residents of STV, such that two residents engaged in a physical altercation. Said altercation resulted in [Dixie] Boyd, who was not involved, being knocked to the floor by one of the residents, striking [Dixie] Boyd's head on a sharp edged coat rack."
On September 15, 2016, STV filed a motion to compel arbitration of Boyd's counterclaims, a copy of the residency agreement, and a supporting brief. Boyd thereafter filed amended counterclaims, deleting her breach-of-contract claim. On December 2, 2016, Boyd filed a motion in opposition to STV's motion to compel arbitration, arguing that her counterclaims, as amended, encompassed only tort claims and that those claims did not fall within the scope of the arbitration agreement.
On December 7, 2016, the trial court conducted a hearing at which the parties *324 argued only the issue whether Boyd's counterclaims fell within the scope of the arbitration agreement. Boyd presented no argument or evidence concerning whether the transaction underlying the residency agreement involved interstate commerce. Following the hearing, Boyd moved the trial court to dismiss the motion to compel or, alternatively, to allow her additional time in which to acquire additional proof of her newly submitted defense, i.e., that the residency agreement containing the arbitration provision was a contract of adhesion and was thus unenforceable. On December 15, 2016, the trial court granted Boyd's motion in part, stating that it would consider the submissions received to that date from all parties and that STV would have seven days in which to file a response to Boyd's most recent amended submission.[1]
On January 11, 2017, the trial court entered an order, denying STV's motion to compel arbitration without stating its reasons for doing so. STV filed, pursuant to Rule 59(e), Ala. R. Civ. P., a motion to alter or amend the order, in which it restated the facts and its arguments. STV also attached to its motion the affidavit of its agent, Brian Parker, who stated in detail the reasons the residency agreement evidenced a transaction involving interstate commerce. STV's Rule 59(e) motion was denied by operation of law. This appeal followed. We note that this appeal has been submitted to this Court solely on STV's brief; Boyd has not favored this Court with an appellee's brief.
Standard of Review
"This Court's standard of review on an appeal from a trial court's order granting or denying a motion to compel arbitration is well settled. Bowen v. Security Pest Control, Inc., 879 So.2d 1139, 1141 (Ala. 2003). A direct appeal is the proper procedure by which to seek review of such an order, Rule 4(d), Ala. R. App. P., and this Court will review de novo the trial court's grant or denial of a motion to compel arbitration. Bowen, 879 So.2d at 1141. The party seeking to compel arbitration has the initial burden of proving the existence of a contract calling for arbitration and proving that the contract evidences a transaction involving interstate commerce. Polaris Sales, Inc. v. Heritage Imports, Inc., 879 So.2d 1129, 1132 (Ala. 2003). The party seeking to compel arbitration must present some evidence tending to establish its claim. Wolff Motor Co. v. White, 869 So.2d 1129, 1131 (Ala. 2003). Once the moving party meets that initial burden, the party opposing arbitration has the burden of presenting evidence tending to show that the arbitration agreement is invalid or that it does not apply to the dispute in question. Bowen, 879 So.2d at 1141. See also Title Max of Birmingham, Inc. v. Edwards, 973 So.2d 1050, 1052-53 (Ala. 2007)."
Alabama Title Loans, Inc. v. White, 80 So.3d 887, 891-92 (Ala. 2011).
Discussion
We note that STV, the party seeking to compel arbitration, met its initial burden of proving the existence of a contract calling for arbitration and that the contract involved interstate commerce. Accordingly, the burden then shifted to Boyd to show that the arbitration agreement was invalid or that it did not apply to the dispute in question. During the hearing on the motion to compel arbitration, the parties focused their argument on whether *325 Boyd's tort claims related to or arose out of the residency agreement. "Whether an arbitration provision encompasses a party's claims 'is a matter of contract interpretation, which interpretation is guided by the intent of the parties, and which intent, absent ambiguity in the clause, is evidenced by the plain language of the clause.' " Green Tree Fin. Corp. of Alabama v. Vintson, 753 So.2d 497, 505 (Ala. 1999) (quoting Allied-Bruce Terminix Cos. v. Dobson, 684 So.2d 102, 110 (Ala. 1995) ). The language of the arbitration provision in this case is not ambiguous. Under the plain language of the provision, Boyd agreed to arbitrate "any controversy or claim arising out of or relating to [the residency agreement], or the breach thereof." (Emphasis added.) "This Court has held [that] where a contract signed by the parties contains a valid arbitration clause that refers only to claims 'arising out of or relating to' the contract, that clause has a broader application than arbitration clause that refers only to claims 'arising from' the agreement." Reynolds & Reynolds Co. v. King Autos., Inc., 689 So.2d 1, 2-3 (Ala. 1996). As indicated, Boyd's tort claims are based on injuries she allegedly suffered as a result of an altercation between two other STV residents. Boyd alleged, among other things, that STV had a duty to provide a safe residential environment for Dixie Boyd and that STV had a duty to properly supervise and train employees or independent contractors responsible for providing safe residential care for Dixie Boyd. Those allegations clearly "aris[e] out of or relat[e] to" Dixie Boyd's residency at STV, which was established and governed by the residency agreement. It is " 'well established that a party may not avoid broad language in an arbitration clause by attempting to cast its complaint in tort rather than contract.' " Beaver Constr. Co. v. Lakehouse, L.L.C., 742 So.2d 159, 165 (Ala. 1999) (quoting McBro Planning & Dev. Co. v. Triangle Elec. Constr. Co., 741 F.2d 342, 344 (11th Cir. 1984) ). Moreover, in Elizabeth Homes, L.L.C. v. Cato, 968 So.2d 1, 7 (Ala. 2007), this Court observed:
"In interpreting an arbitration provision, 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.' Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (emphasis added; footnote omitted). 'Thus, a motion to compel arbitration should not be denied "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-83, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).' Ex parte Colquitt, 808 So.2d 1018, 1024 (Ala. 2001) (emphasis added)."
Based on the foregoing, we conclude that the plain language of the arbitration provision encompasses Boyd's counterclaims.
Conclusion
The trial court erred in denying STV's motion to compel arbitration. That order is reversed and the cause remanded for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED.
Stuart, C.J., and Bolin, Shaw, and Wise, JJ., concur.

It does not appear from the record that Boyd presented any further evidence in support of her allegation that the residency agreement was a contract of adhesion. Accordingly, we do not address that issue.