The issue in this case is whether the trial court properly denied the motion filed by appellant, United States Fidelity 
Guaranty Company (USF G), to intervene in a suit for damages sustained by appellees, Allen and Edith Adams, in their purchase of a house. We affirm.
The facts of this case are as follows:
On January 13, 1984, Allen and Edith Adams filed suit against Alabama Elk River Development Agency (Elk River), alleging that they suffered damages as a result of various defects in construction in the house they bought from Elk River. Elk River subsequently filed a third-party complaint *Page 721 
against Highland Rim Constructors, Inc., the contractors who built the house, alleging that Highland Rim was responsible for all damages that may be assessed against Elk River.
On May 15, 1985, appellant, USF G, filed a motion to intervene in the action. USF G, as insurer for Highland Rim, requested that it be allowed to intervene for the sole purpose of petitioning the trial court to submit the action to the jury on special verdicts with interrogatories. USF G argued that its insurance policy with Highland Rim provided coverage for claims for damage as a result of faulty workmanship to the owner's personal property in the house, but excluded coverage for claims made for damage to the structure itself. USF G asserted that, if the jury returned a general verdict, it would be impossible for USF G to discern what portion of the verdict was awarded as a result of damage to personal property and what portion was for damage to the structure. Therefore, USF G contended, the court should give the jury special verdict forms to specify how much of the total award was for damage to the personal property in the house, as this is all it would be liable for under its policy with Highland Rim.
On July 18, 1985, the court denied USF G's motion, at which time USF G filed a motion with the court to alter, amend, or vacate its judgment denying intervention. The court denied this motion, too, and USF G subsequently appealed. We have previously held that "an order denying intervention as of right is appealable." Thrasher v. Bartlett, 424 So.2d 605 (Ala. 1982). Likewise, an order holding the intervention to be merely "permissive" should also be appealable if the issue presented by the appeal is the contention that the intervention sought is really "of right."
USF G's motion to intervene was made pursuant to Rule 24 (a)(2), A.R.Civ.P., which provides:
 Upon timely application, anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
In order to determine whether the trial court erred when it denied USF G's motion, we must decide whether USF G's "interest" in the action is the kind contemplated by Rule 24 (a)(2), A.R.Civ.P. The court, in its order, found that USF G did not have such an "interest," stating:
 The Petitioner does not have an interest in the transaction the subject of this lawsuit. Its interest is contingent upon the Plaintiffs' recovery of a verdict in the underlying action. The Petitioner may, by subsequent litigation, determine its liability in the event of the Plaintiffs' recovery.
This same issue of whether an insurance company could, as a matter of right, intervene in an action in which its insured was being sued was addressed by the United States Court of Appeals, Second Circuit, in Restor-A-Dent Dental Lab v.Certified Alloy Prod., 725 F.2d 871 (2d Cir. 1984). There, Restor-A-Dent sued Certified, and Unigard, Certified's insurer, filed a motion to intervene, in the court's words, "for the limited purpose of submitting written interrogatories to the court for submission to the jury, to be answered by the jury in the event that it returns a verdict awarding damages to plaintiff." Unigard's argument that the court should allow it to intervene in the action between Restor-A-Dent and Certified Alloy was the same as that made by USF G in this case. The court in Restor-A-Dent Dental Lab recognized that the key determination to be made was whether Unigard had an interest which related to the property or transaction which was the subject matter of the action.
Addressing this issue, the court stated: *Page 722 
 First, the transaction that is the subject matter of the action is Certified's delivery of allegedly defective alloy to Restor-A-Dent for the latter's use in producing dental products; this, in turn, led to Restor-A-Dent's claim for damages against Certified for breach of contract. Unigard's interest, on the other hand, is in the amount it will have to pay Certified if Restor-A-Dent wins. Accordingly, Unigard does not have an interest in the subject matter of the action between Restor-A-Dent and Certified. Cf. Crown Financial Corp. v. Winthrop Lawrence Corp., 531 F.2d 76, 77 (2d Cir. 1976) (per curiam) (purchaser of land with lien has no interest in underlying action in which judgment against the seller's receiver was secured). In addition, the interest asserted by Unigard depends upon two contingencies. The first is a jury verdict for Restor-A-Dent, for only then will the question of Unigard's liability become relevant. The second contingency is a finding in litigation not yet even commenced between Unigard and Certified that Unigard is not responsible for indemnification of certain types of losses under the terms of the policy.
725 F.2d at 875. We note here that, even though the federal court was construing Rule 24 of the Federal Rules of Civil Procedure, this does not decrease the precedential value of that case, as Rule 24 (a)(2), A.R.Civ.P., is identical to its federal counterpart.
As the trial court found in its order, USF G does not have an interest in the transaction which is the subject of this lawsuit, but has an interest contingent upon the Adamses' recovery of a judgment in their suit against Elk River. This interest is not of the kind contemplated by Rule 24 (a)(2), A.R.Civ.P. Therefore, the trial court was correct in denying USF G's motion to intervene, and its judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.