An insurance company appeals from the denial of its motion to intervene in an action against its insured, alleging fraud in connection with the sale of an automobile. The issues are (1) whether a motion for permissive intervention under Rule 24(b), Ala.R.Civ.P., is reviewable by appeal; (2) if so, whether the trial court erred in denying the motion to intervene; and (3) whether a trial court is required to specify in a written order the basis for its denial of the motion to intervene.
In March 1991, Veronda E. Hammond Anglen purchased a used Mitsubishi Eclipse automobile from Serra Automotive, Inc. ("Serra"), the insured. In April 1992, Anglen sued Serra and its salesman, Hugh Bains, alleging that misrepresentations regarding the prior history and condition of the car were made to her during the negotiations leading to the sale. Universal Underwriters Insurance Company ("Universal") had issued a liability insurance policy to Serra, and that policy was in effect at the time of the sale. Universal employed counsel to defend Serra and Bains, reserving its right to withdraw and not indemnify if the plaintiff secured a judgment based on acts or damages not covered by the policy. Because Anglen's complaint alleged tortious acts and claimed damage that might or might not be covered by the policy, Universal moved for permissive intervention pursuant to Rule 24(b), Ala.R.Civ.P., for the limited purpose of submitting to the trial court special verdict forms or interrogatories for submission to the jury at the trial of the case, pursuant to Rule 49, Ala.R.Civ.P., the answers to which would serve to clarify whether the jury's verdict was based on acts covered by the policy. The trial court denied Universal's motion to intervene.
Regarding the reviewability of an order denying permissive intervention under Rule 24(b), Fed.R.Civ.P., the federal courts have held that an order denying permissive intervention is appealable as a final order. See EEOC v. United Air Lines,515 F.2d 946, 948-49 (7th Cir. 1975) ("Both aspects of the District Court's order, denial of intervention as a matter of right and denial of permissive intervention, are appealable."). See also,SEC v. Lincoln Thrift Ass'n, 577 F.2d 600, 602 n. 1 (9th Cir. 1978) (holding that the district court's denial of a motion for permissive intervention is appealable under an abuse of discretion standard of review); May v. Commissioner of InternalRevenue, 553 F.2d 1207, 1208 (9th Cir. 1977) (holding that under Rule 24(b), Fed.R.Civ.P., the denial of a motion for permissive intervention is appealable under an abuse of discretion standard of review). We find no reason to treat our own Rule 24(b), which is virtually identical to the corresponding Federal rule, any differently. Furthermore, we have already reviewed on appeal a denial of a motion for both intervention of right and permissive intervention. Universal UnderwritersIns. Co. v. East Central Alabama Ford-Mercury, Inc.,574 So.2d 716, 727 (Ala. 1990) (hereinafter Universal I). Therefore, we hold that a denial of permissive intervention is an appealable final order. *Page 443 
The standard of review for a denial of a motion for permissive intervention is whether the trial court abused its discretion. Universal I, 574 So.2d at 723. See also, NewOrleans Public Service, Inc. v. United Gas Pipe Line Co.,732 F.2d 452, 470-71 (5th Cir. 1984) ("when we are asked to review a denial of permissive intervention, the question on appeal is not whether 'the factors which render permissive intervention appropriate under Federal Rule of Civil Procedure 24(b) were present,' but is rather 'whether the trial court committed a clear abuse of discretion in denying the motion' "). Again, we see no reason to depart from the Federal courts' interpretation of the corresponding Federal rule.
The issue, then, becomes whether the trial court abused its discretion in denying Universal's motion for permissive intervention under Rule 24(b)(2) for the purpose of submitting to the trial court special verdict forms or interrogatories for submission to the jury at the trial of the case, pursuant to Rule 49, Ala.R.Civ.P. We addressed this identical issue inUniversal I, where we held that it was not an abuse of discretion to deny permissive intervention to an insurance company for the purpose of requesting special verdict forms or interrogatories for submission to the jury. Universal I, at 723. Rule 24(b)(2) is a discretionary procedure that trial courts may use, and we will affirm the trial court's ruling on a motion to intervene if the denial is not an abuse of the court's discretion. Cf. Cole v. Racetrac Petroleum, Inc.,466 So.2d 93, 95 (Ala. 1985) ("The trial court did not set forth in its decree how it reached its conclusion; however, we are bound to sustain the judgment if there is a valid basis to do so.").
Universal argues that because the trial court did not specify in a written order the basis for its denial of the motion to intervene, this Court cannot determine whether the trial court abused its discretion. However, Rule 52(a), Ala.R.Civ.P., states that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motions except as provided in Rule 41(b)." Written findings and conclusions are therefore not required on a denial of a motion to intervene. Although it would not necessarily have been an abuse of discretion to grant Universal's motion to intervene, we conclude that it was within the court's discretion to deny the motion and that the court was not required to give written reasons for the denial.
In Universal I, we recognized the dilemma faced by insurers in situations where the insured was being sued for claims that might or might not be covered by the insurance policy, and there, for addressing this dilemma, this Court set forth an alternative procedure that involved allowing permissive intervention and having a bifurcated trial. Universal I, at 723-27. Because this procedure is set out at length inUniversal I, we find it unnecessary to repeat the details of this alternative procedure at this time. We note, however, that Universal did not seek to intervene under this alternative procedure. This alone is sufficient grounds for denying its motion for permissive intervention if the trial court thought that the alternative procedure set out in Universal I was a better alternative. Furthermore, Universal has presented no reasons why this alternative procedure is not a sufficient means for addressing the dilemma it claims it faces. We see no reason to depart from our opinion in Universal I. Although Universal urges us to adopt Justice Jones's dissent inUniversal I, 574 So.2d at 727-28, it presents no facts supporting its view that the alternative procedure set forth by the majority in that case is inadequate.
In conclusion, we hold: (1) that a denial of a motion for permissive intervention under Rule 24(b), Ala.R.Civ.P., is reviewable on appeal as a final order; (2) that review of such a denial is under a standard of abuse of discretion; (3) that the trial court in this case did not abuse its discretion in denying Universal's motion for permissive intervention in order to suggest special verdict forms or interrogatories for submission to the jury; and (4) that a trial court denying permissive intervention need not make written findings or conclusions. Accordingly, the denial of permissive intervention is affirmed.
AFFIRMED. *Page 444 
HORNSBY, C.J., and SHORES, STEAGALL, INGRAM and COOK, JJ., concur.
HOUSTON, J., concurs in part and dissents in part.