THOMPSON, Judge.
On October 26, 1998, the State Department of Human Resources (“DHR”) notified Mitchell Kelley, the president of The Kids’ Klub II, Inc. (“KKII”), that it had denied KKII’s application for a license to operate a nighttime child-care facility. KKII sought review of that denial, pursuant to § 38-7-9, Ala.Code 1975. The administrative law judge, without conducting a hearing, entered a judgment in which it found in favor of KKII, reversing DHR’s decision not to issue the requested nighttime-care license.
DHR appealed the decision of the administrative law judge to the Circuit Court of Morgan County. See State Personnel Bd. v. State Dep’t of Mental Health & Mental Retardation, 694 So.2d 1367 (Ala.Civ.App.1996) (holding that a state agency that is a party to an administrative-law adjudication is a “party” that may appeal under the Alabama Administrative Procedure Act). In its appeal to the circuit court, DHR asked only that the case be remanded and that the administrative law judge be directed to conduct a hearing pursuant to § 41-22-12(a), Ala.Code 1975.
DHR did not name KKII as a party to its circuit court appeal. KKII filed a motion to intervene to be named as a party to DHR’s appeal. The trial court entered an order that, among other things, remanded the case for the administrative law judge to conduct a hearing and denied KKII’s motion to intervene as “premature.” KKII appealed to this court, arguing, among other things, that the trial court erred in denying its motion to intervene.
Initially, we note that a denial of a motion to intervene is always an appeal-able order. Alabama Fed. Sav. & Loan Ass’n v. Howard, 534 So.2d 609 (Ala.1988); Dallas County Bd. of Educ. v. Henry, 507 So.2d 911 (Ala.1987); Thrasher v. Bartlett, 424 So.2d 605 (Ala.1982). Intervention may exist either as a matter of right or as “permissive intervention” at the trial court’s discretion. Alabama Fed. Sav. & Loan Ass’n, supra. “Anyone” may intervene in an action as a matter of right when a statute specifically confers the right to intervene, or where the applicant claims an interest in the property or transaction at issue, the applicant’s interest might be impaired, and that interest is not protected by an existing party. Rule 24(a), Ala. R. Civ. P. Generally, Rule 24 is to be liberally construed to allow intervention. Pinto v. Alabama Coalition for Equity, 662 So.2d 894 (Ala.1995); Alabama Fed. Sav. & Loan Ass’n, supra.
The Alabama Administrative Procedure Act (“AAPA”), § 41-22-1 et seq., Ala.Code 1975, also contains a similar provision regarding intervention. Section 41-22-14 provides that “a person shall be permitted to intervene ... when the applicant has an individual interest in the outcome of the case as distinguished from a public interest and the representation of the interest of the applicant is inadequate.” Therefore, both the Alabama Rules of Civil Procedure and the AAPA provide for intervention as a matter of right where the applicant shows that it has an individual interest in the outcome of the litigation and that that interest is not protected by the representation of the existing parties.
We note that DHR argues that KKII, as a corporation, does not have an “individual interest” under § 41-22-14; rather, DHR argues, KKII has a “corporate interest.” However, § 41-22-14 utilizes the term “individual interest” to distinguish that term from a “public interest.” Further, under the AAPA, a corporation may be a “person,” as that term is defined in § 41-22-3(7), Ala.Code 1975. Thus, by substituting the word “corporation” for the word “person” in § 41-22-14, Ala.Code *261 1975, we find it clear that the language contained in that section refers to KKII’s interest in the outcome of the litigation, as opposed to a public interest, such as one involving all applicants for a nighttime-care license.
KKII claims it has a right to intervene in DHR’s appeal to the trial court, pursuant to Rule 24(a)(2), because it has an interest in the outcome of DHR’s appeal and because its interest is not, it argues, adequately represented by the existing parties. The Supreme Court of Alabama has recognized the “ ‘impairment of an interest “as a practical matter” as adequate justification for intervention.’ ” Alabama Fed. Sav. & Loan Ass’n, 534 So.2d 609 at 613 (quoting Committee Comments to Rule 24, Ala. R. Civ. P.). In order to intervene as a matter of right pursuant to Rule 24(a)(2), a party must show that it has a “direct, substantial, and legally pro-tectable interest in the proceeding.” State ex rel. Tenner v. Tenner, 668 So.2d 838 (Ala.Civ.App.1995).
KKII’s “interest” in the appeal to the circuit court is simply its interest in maintaining the judgment in which the administrative law judge ordered that KKII be awarded a nighttime-care license. “[A]s a practical matter,” KKII can protect its interest in the grant of that nighttime-care license only by preventing DHR from successfully appealing the administrative law judge’s decision. DHR concedes in its brief on appeal that “Kids’ Klub II, Inc., has an interest in the administrative proceedings and would have an interest in protecting the favorable decision rendered by the administrative law judge.” 'We conclude that KKII does have an interest in the appeal to the circuit court.
We next consider whether KKII’s interest in maintaining the favorable decision of the administrative law judge is sufficiently represented by other parties to the appeal. It appears that the trial court considered the appeal a petition for certio-rari review.[1] It is clear that there were no parties other than DHR participating in the circuit court action, and, therefore, that no argument was made that the decision of the administrative law judge was correct or, that a full hearing was not necessary. Thus, there was no representation of KKII’s interest in maintaining the favorable decision of the administrative law judge.
We conclude that KKII has shown circumstances justifying its intervention in the circuit court proceedings, under both § 41-22-14 and Rule 24. The trial court erred in denying KKII’s motion to intervene. We remand this action for the circuit court to enter an order allowing KKII to intervene in DHR’s appeal to that court.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.

. In either case, the standard of review of factual findings under a petition for certiorari review and that specified by the AAPA is the same. State Personnel Bd. v. State Dep't of Mental Health & Mental Retardation, supra.