781 So.2d 172 (2000)
MUTUAL ASSURANCE, INC.
v.
Phillip CHANCEY and Beth Chancey.
1982161.
Supreme Court of Alabama.
May 26, 2000.
Opinion Modified on Denial of Rehearing September 29, 2000.
*173 Bibb Allen, Deborah Alley Smith, and Susan Scott Hayes of Rives & Peterson, P.C., Birmingham, for appellant.
Frank H. Hawthorne, Jr., and C. Gibson Vance of Hawthorne, Hawthorne & Vance, L.L.C., Montgomery; and David G. Wirtes, Jr., and George M. Dent III of Cunningham, Bounds, Yance, Crowder & Brown, L.L.C., Mobile, for appellees Phillip Chancey and Beth Chancey.
Stanley Rodgers and Jeffrey T. Kelly of Lanier Ford Shaver & Payne, P.C., Huntsville, for appellee Kimberly Whitchard.
Michael K. Wright and Sybil Vogtle Abbot of Starnes & Atchison, L.L.P., Birmingham, for appellee East Alabama Behavioral Medicine, P.C.
Carol Ann Smith and J. Tobias Dykes of Smith & Ely, L.L.P., Birmingham, for amicus curiae Alabama Defense Lawyers Ass'n.
COOK, Justice.
Phillip Chancey and his wife Beth Chancey sued Dr. Kimberly Whitchard and her employer, East Alabama Behavioral Medicine ("EABM"), stating claims based primarily on theories of negligence, wantonness, and "abandonment." Mutual Assurance, Inc., the defendants' liability insurer, moved to intervene. The trial court denied the motion to intervene, and Mutual Assurance appealed from the denial. We affirm.
Mutual Assurance sought to intervene for the purpose of requesting interrogatories or special verdict forms so that it could ascertain the basis of the jury's verdict in case the jury finds against its insureds. Mutual Assurance contends that it is seeking to resolve any questions regarding coverage so that if a judgment is rendered against its insureds, it will know if the judgment falls within the scope of the insureds' coverage.
Mutual Assurance states in its brief:
"During 1996, Mutual Assurance had in force a policy of liability insurance insuring Kimberly Whitchard and EABM. The policy provides that it will pay all sums that the insureds become legally liable to pay as damages because of a medical incident which is reported during the policy period or any extended reporting period. The policy defines medical incident as `a single act or omission or a series of related acts or omissions arising out of the rendering of, or the failure to render, professional services to any one person ... by the named insured or any person for whose acts or omissions the Named Insured is legally responsible; ... which results or is likely to result in damages or a claim or suit.' The policy defines professional services as the provision of medical opinions or medical advice.... The policy excludes liability `arising out of any willful, wanton, fraudulent, criminal or malicious act or omission.' Exclusion (e) of the policy eliminates coverage for liability `arising out of sexual activity, or acts *174 in the furtherance of sexual activity on the part of the Named Insured or any person for whose acts the Named Insured is legally responsible, whether under the guise of treatment or not, and provided that this exclusion shall not apply to the defense of suits for which coverage is otherwise afforded.' Liability arising out of the intentional acts of the Insured is excluded in exclusion (d)."
Appellant's Brief, p. 2.[1]
Mutual Assurance contends that the trial court abused its discretion in denying its motion to intervene. It urges this Court to overrule Universal Underwriters Insurance Co. v. East Central Alabama Ford-Mercury, Inc. ("Universal I"), 574 So.2d 716 (Ala.1990), and United States Fidelity & Guaranty Co. v. Adams, 485 So.2d 720 (Ala.1986), and to recognize on the part of a defendant's liability insurer an absolute right to intervene in order to request interrogatories or special verdict forms to ascertain the basis of any verdict against the defendant. Mutual Assurance asserts that, absent intervention, it will not be able to ascertain whether a judgment against its insureds falls within the scope of its coverage.

I.
"[A]n order denying intervention as of right is appealable." Universal I, supra, 574 So.2d at 719. See also Thrasher v. Bartlett, 424 So.2d 605 (Ala.1982). Rule 24(a), Ala. R. Civ. P., provides for intervention as of right:
"Upon timely application, anyone shall be permitted to intervene in an action:... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the deposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
As Mutual Assurance points out, we addressed this issue in Universal I and in Adams, holding that an insurer has no absolute right to intervene in an action against its insured. Mutual Assurance asks us to overrule Universal I and Adams and their progeny and to recognize an insurer's right to intervene because, it argues, (1) a liability insurer has a sufficiently direct interest to support a right to intervene in an action against its insured if the claims may or may not be covered by the insurance policy,[2] and (2) a declaratory-judgment action is an insufficient alternative in cases where the question of coverage is dependent upon the factual basis of a jury's verdict.
We decline Mutual Assurance's request to overrule Universal I and Adams. In Universal I, as in the instant case, the defendant's insurer sought to intervene in an action brought against its insured; it sought intervention "for the sole purpose of submitting special interrogatories or a special verdict form to the jury." 574 So.2d at 718. We concluded that an insurer "does not have a direct, substantial, and protectable interest" under Ala. R. Civ. P. 24(a)(2) because its interest is contingent upon the plaintiff's recovery on the underlying claims. See also Adams, supra. We find no basis on which to distinguish this present case from Adams and its progeny and no compelling reason to overrule *175 Adams and Universal I. Therefore, in this case, as we held in Universal I and Adams, the trial court correctly denied the insurer's motion to intervene as of right. See also Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Prods., Inc., 725 F.2d 871 (2d Cir.1984).
In Universal I, we stated that the insurer would not be barred from litigating the coverage issue in a declaratory-judgment action after the resolution of the underlying claims against its insured. See Universal I, 574 So.2d at 723. Mutual Assurance contends that a declaratory-judgment action litigating the coverage issue following the resolution of this action based on the claims against its insureds will be insufficient because, it says, the declaratory action could involve the same factual issues that are to be adjudicated in this action against its insureds. Mutual Assurance argues that a declaratory-judgment action would be dismissed because it would present an issue that had been presented in this present action against its insureds.
"`Jurisdiction of a declaratory judgment action will not be entertained if there is pending at the time of the declaratory judgment action another action or proceeding to which the same persons are parties, and in which are involved and may be adjudicated the same identical issues that are involved in the declaratory judgment action.'" Home Ins. Co. v. Hillview 78 West Fire District, 395 So.2d 43, 44 (Ala.1981), quoting Mathis v. Auto-Owners Ins. Co., 387 So.2d 166, 167 (Ala.1980). See also Ex parte Breman Lake View Resort, L.P., 729 So.2d 849 (Ala.1999). However, the threshold issue of coverage in a potential declaratory-judgment action by Mutual Assurance and the issues presented in this underlying action against the insureds are not the same. Therefore, a declaratory-judgment action to determine the coverage issue would not be foreclosed.

II.
Mutual Assurance also argues that the trial court abused its discretion in denying Mutual Assurance's motion for permissive intervention under Rule 24(b)(2). It argues that even though, if the jury in the present action finds against its insureds it would have the right to file a declaratory-judgment action, a declaratory-judgment action would not allow it to determine what the jury relied on in finding against the insureds.
Rule 24(b) permits permissive intervention "Upon timely application ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common." That rule provides that "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."
We also addressed this issue in Universal I, supra, in which we held that it was not an abuse of discretion for a trial court to deny an insurance company's motion for permissive intervention for the purpose of requesting special verdict forms or interrogatories for submission to the jury. See also Universal Underwriters Insurance Co. v. Anglen ("Universal II"), 630 So.2d 441 (Ala.1993). Permissive intervention is within the broad discretion of the trial court and the court's ruling on a question of permissive intervention will not be reversed unless the court clearly abuses its discretion. Universal II, 630 So.2d at 443. Although Mutual Assurance argues that it cannot, under our present "alternative procedure," inquire of the jury the *176 basis for its finding, Mutual Assurance has not demonstrated to this Court why that alternative procedure, set forth in Universal I, will not allow it to achieve its objective.[3] The alternative procedure would allow Mutual Assurance to accomplish its objective after the resolution of the underlying claims against its insureds, without prejudicing the plaintiffs or the defendants in this action presenting those claims.
Based on the facts of this case, we conclude that the trial court did not abuse its discretion in denying Mutual Assurance's motion to intervene. We see no compelling reason to overrule Universal I and Adams, or to reject the alternative procedure we set out in Universal I by which permissive intervention may be allowed. The order denying intervention is affirmed, based on the authority of Universal I, Universal II, and Adams.
AFFIRMED.
MADDOX, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
LYONS, J., concurs specially.
HOUSTON and SEE, JJ., dissent.
LYONS, Justice (concurring specially).
Whether to allow an insurer permissive intervention, pursuant to Rule 24(b), Ala. R. Civ. P., in a tort action against its insured, so that the insurer can invoke Rule 49, Ala. R. Civ. P., and thereby obtain clarification of coverage issues, falls within the sound discretion of the trial court. Allowing such intervention, therefore, would not constitute an abuse of discretion. Further, even if the court denies the motion to intervene, the trial court could use Rule 49 in submitting the tort claim to the jury. Finally, a trial court could deny the intervention motion conditionally, based upon the condition that the party opposing *177 intervention acquiesces in the use of Rule 49, so long as the substantial rights of other parties are not affected.
HOUSTON, Justice (dissenting).
I would reverse and remand, because I would overrule Universal Underwriters, Ins. v. East Central Alabama Ford-Mercury, Inc., 574 So.2d 716 (Ala.1990), and United States Fidelity & Guaranty Co. v. Adams, 485 So.2d 720 (Ala.1986). USF & G v. Adams was decided by a division of this Court; because I was not a member of that division, I had no opportunity to vote on the opinion in that case. I dissented in Universal Underwriters, and, although the case as released did not show that I joined Justice Jones's dissenting opinion, I did. See Universal Underwriters Ins. Co. v. Anglen, 630 So.2d 441, 444 (Ala.1993) (Houston, J., concurring in part and dissenting in part). A liability insurer has a right to intervene in an action against its insured when that action asserts both covered and noncovered claims, to ascertain, through the use of a special verdict form or interrogatories to the jury, the factual basis of any verdict returned against its insured.
Mutual Assurance should not be precluded from seeking a change in the law by reason of its not having requested relief under Rule 24(a), Ala. R. Civ. P., to which it was not entitled under existing law and which the trial court could not have granted under existing law. "Alabama law does not require the performance of a vain or useless act." Mutual Assurance, Inc. v. Wilson, 716 So.2d 1160, 1165 (Ala.1998). See Goodyear Tire & Rubber Co. v. Vinson, 749 So.2d 393, 403 (Ala.1999) (on application for rehearing) (Houston, J., dissenting, joined by Maddox, J.).
SEE, Justice (dissenting).
The majority concludes correctly that our precedent requires an affirmance of the trial court's order denying Mutual Assurance's motion to intervene in this action. See Universal Underwriters Ins. Co. v. East Cent. Alabama Ford-Mercury, Inc., 574 So.2d 716 (Ala.1990). However, I agree with Justice Houston that this Court should overrule Universal Underwriters. As this Court has recognized, "[a]bsent a special verdict, the fact of coverage is impossible to prove." Alabama Hospital Ass'n Trust v. Mutual Assurance Soc'y of Alabama, 538 So.2d 1209, 1216 (Ala.1989). This Court's attempt to craft an alternative by permitting the insurer to litigate the issue of coverage before the same jury that decided liability, see Universal Underwriters, 574 So.2d at 723-24, requires: (1) that the insurer litigate its claim before a jury it had no role in selecting; (2) that the insurer's counsel overcome the rapport opposing counsel has developed with the jury; and (3) that the insurer face the potential prejudice inherent in having the jury that determined the plaintiff was entitled to recover also determine whether the defendant's insurance covers that liability. When an action against an insured includes both covered and noncovered claims, the insurer should be permitted to intervene in that action for the limited purpose of requesting a special verdict form or special interrogatories in order to discern the factual basis of any verdict against the insured. I respectfully dissent.
NOTES
[1] Mutual Assurance's insurance policy is not included in the record on appeal.
[2] Mutual Assurance urges this Court to adopt Justice Jones's dissenting opinion in Universal I.
[3] In Universal I, we developed the following alternative procedure allowing permissive intervention:

"Under this alternative procedure for permissive intervention, the trial would be bifurcated. In the first phase of the trial, the jury or judge would resolve issues of liability between the plaintiff and the insured defendant. The second phase would occur only if the jury or judge in the first phase rendered a verdict or judgment against the insured defendant. In the second phase, the insurance company would be allowed to enter and try, before the same jury or judge, only the insurance coverage issue. We emphasize that because of the many factors involved, a bifurcated trial is not a matter of right for the insurer, but, rather, the decision of whether to allow intervention under this alternative procedure will rest within the discretion of the trial court as governed by the interests of justice and those factors articulated in [Ala.] R. Civ. P. 42(b). In order to avail itself of this remedy, the insurer must make, within a reasonable time, a motion to intervene under this procedure. The motion should be similar to a complaint for declaratory judgment made pursuant to [Ala.] R. Civ. P. 57. Should the trial court choose to allow intervention under this procedure, the insurer would be included in the discovery process with all parties in the underlying action. We note particularly that the insurer would be required to make available to the plaintiff, in the underlying action, all facts discoverable pursuant to the Alabama Rules of Civil Procedure, as well as the relevant insurance policy or policies. During the first phase, neither the jury nor the judge would consider the insurer's participation or the coverage issue. The jury would become aware of the insurer and the coverage issue only in the event that it rendered a verdict in the plaintiff's favor in the first phase. The judge would consider the coverage issue only if he or she rendered a judgment for the plaintiff in the first phase. If such a verdict or judgment occurs, then the trial would proceed to the second phase. In the second phase, the same jury or judge would hear and decide the coverage issue between the defendant insured and the insurer."
Universal I, 574 So.2d at 723-24.