On May 8, 2003, Le'Keith Raine, by and through his next friend and mother Eva Raine, and Eva Raine, individually, sued David T. Wright alleging counts of negligence and wantonness arising from an automobile accident. The Raines demanded a jury trial and sought both compensatory and punitive damages. Wright answered. On December 8, 2003, Farmers Insurance Exchange ("Farmers"), as Wright's insurer, moved for permissive intervention pursuant to Rule 24(b), Ala. R. Civ. P., for the limited purpose of propounding special postverdict interrogatories to the jury or, in the alternative, to request that a special verdict form be given to the jury in order to delineate the award of compensatory damages from the award of punitive damages. The trial court denied Farmers' motion to intervene. Farmers appealed to the supreme court, which transferred the case to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, Farmers contends that the trial court abused its discretion in denying its motion to intervene. Specifically, Farmers argues that allowing it to intervene in this case will cause no prejudice to any party and will best serve the interests of judicial economy. Farmers further maintains that the liability insurance policy issued to Wright excludes coverage for punitive damages in cases such as this one.
At the outset, we note that a denial of a motion to intervene is always an appealable order. Kids' Klub II, Inc. v. StateDep't of Human Res., 763 So.2d 259, 260 (Ala.Civ.App. 2000);Alabama Fed. Sav. Loan Ass'n v. Howard, 534 So.2d 609 (Ala. 1988). Intervention may exist either as a matter of right under Rule 24(a), Ala. R. Civ. P., or permissively under Rule 24(b), Ala. R. Civ. P. Alabama Fed. Sav. Loan Ass'n, supra. In the instant case, Farmers sought permissive intervention pursuant to Rule 24(b); that rule states in pertinent part:
 "Upon timely application anyone may be permitted to intervene in an action (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Page 834 
A decision whether to grant or to deny a motion for permissive intervention is within the sound discretion of the trial court and will not be reversed unless the trial court clearly abuses its discretion. Mutual Assurance, Inc. v. Chancey,781 So.2d 172 (Ala. 2000) (citing Universal Underwriters Ins. Co. v.Anglen, 630 So.2d 441 (Ala. 1993)).
The insurance policy issued by Farmers to Wright excluded coverage for punitive damages other than in a case alleging wrongful death. Farmers sought to intervene for the sole purpose of propounding special interrogatories to the jury or submitting a special verdict form in order to delineate any compensatory damages awarded by the jury from any punitive damages awarded. Farmers represented to the trial court in its motion to intervene that its "claim in intervention has clear questions of law or fact in common with the primary claim so as to support permissive intervention."
Our supreme court has previously addressed the issue whether an insurer may intervene for the limited purpose of propounding special verdict forms or interrogatories to a jury. In UniversalUnderwriters Insurance Co. v. East Central Alabama Ford-Mercury,Inc., 574 So.2d 716 (Ala. 1990), Universal Underwriters Insurance Company, in an effort to resolve insurance-coverage questions without making its presence known to the jury, sought to intervene in an action between its insured and a third party for the limited purpose of presenting the trial court with either special verdict forms or special interrogatories to be given to the jury at the close of trial. 574 So.2d at 718. The trial court denied Universal's motion to intervene; Universal appealed.
On appeal, our supreme court held that Universal did not have a direct, substantial, and legally protectable interest allowing it to intervene as a matter of right. Further, the court recognized that permissive intervention is purely a discretionary tool to be used by the trial court. 574 So.2d at 723. Recognizing the broad discretion of the trial court to allow permissive intervention, the supreme court affirmed the judgment of the trial court denying Universal's motion to intervene for the sole purpose of presenting special verdict forms or interrogatories to the jury.Id.
In East Central, our supreme court set forth an alternative procedure allowing permissive intervention:
 "Under this alternative procedure for permissive intervention, the trial would be bifurcated. In the first phase of the trial, the jury or judge would resolve issues of liability between the plaintiff and the insured defendant. The second phase would occur only if the jury or judge in the first phase rendered a verdict or judgment against the insured defendant. In the second phase, the insurance company would be allowed to enter and try, before the same jury or judge, only the insurance coverage issue. We emphasize that because of the many factors involved, a bifurcated trial is not a matter of right for the insurer, but, rather, the decision of whether to allow intervention under this alternative procedure will rest within the discretion of the trial court as governed by the interests of justice and those factors articulated in [Ala.] R. Civ. P. 42(b). In order to avail itself of this remedy, the insurer must make, within a reasonable time, a motion to intervene under this procedure. The motion should be similar to a complaint for declaratory judgment made pursuant to [Ala.] R. Civ. P. 57. Should the trial court choose to allow intervention under this procedure, the insurer would be included in the discovery *Page 835 
process with all parties in the underlying action. We note particularly that the insurer would be required to make available to the plaintiff, in the underlying action, all facts discoverable pursuant to the Alabama Rules of Civil Procedure, as well as the relevant insurance policy or policies. During the first phase, neither the jury nor the judge would consider the insurer's participation or the coverage issue. The jury would become aware of the insurer and the coverage issue only in the event that it rendered a verdict in the plaintiff's favor in the first phase. The judge would consider the coverage issue only if he or she rendered a judgment for the plaintiff in the first phase. If such a verdict or judgment occurs, then the trial would proceed to the second phase. In the second phase, the same jury or judge would hear and decide the coverage issue between the defendant insured and the insurer."
574 So.2d at 723-24.
In Universal Underwriters Insurance Co. v. Anglen,630 So.2d 441 (Ala. 1993), Universal moved for permissive intervention for the limited purpose of submitting special verdict forms or interrogatories to the jury in order to clarify the verdict in relation to coverage issues in the insurance policy. Universal did not seek to intervene for the purpose of requesting a bifurcated trial. The trial court denied the motion to intervene. Relying on its decision in East Central, our supreme court reiterated that permissive intervention pursuant to Rule 24(b)(2) is a "discretionary procedure that trial courts may use, and we will affirm the trial court's ruling on a motion to intervene if the denial is not an abuse of the court's discretion." Anglen,630 So.2d at 443.
In Mutual Assurance, Inc. v. Chancey, 781 So.2d 172 (Ala. 2000), Mutual Assurance, Inc., sought to intervene for the purpose of requesting special interrogatories or verdict forms so that it could ascertain the basis of the jury's verdict and resolve any questions regarding coverage. The trial court denied its motion to intervene. On appeal, our supreme court affirmed the judgment of the trial court and reaffirmed its decisions inEast Central and Anglen, holding that the trial court is given broad discretion on a question of permissive intervention.Chancey, 781 So.2d at 175.
In this case, Farmers did not seek a bifurcated trial in its motion to intervene. Farmers argues that the alternative procedure set forth in East Central, supra, providing for bifurcated trials is an unnecessary waste of time given the punitive-damages exclusion contained in Wright's insurance policy with Farmers. Although the supreme court might choose to revisit this issue, this court is bound by precedent and that precedent indicates that the judgment of the trial court denying Farmers motion to intervene is due to be affirmed.
AFFIRMED.
YATES, P.J., and MURDOCK, J., concur.
PITTMAN, J., concurs specially, with writing, which CRAWLEY, J., joins.