The bifurcated procedural alternative to that set forth in Rule 49, Ala. R. Civ. P., that was adopted by the Supreme Court inUniversal Underwriters Insurance Co. v. East Central AlabamaFord-Mercury, Inc., 574 So.2d 716 (Ala. 1990), was labeled as "[o]verkill" and "complicated" by Justice Jones, who dissented inEast Central, 574 So.2d at 727, and it has since been criticized as "essentially doubl[ing] judicial workloads by turning one case into two trials." See Christopher L. McIlwain, *Page 836 
"Clear as Mud: An Insurer's Rights and Duties Where Coverage Under a Liability Policy Is Questionable," 27 Cumb. L.Rev. 31, 55 (1996). However, because the decisions of the Alabama Supreme Court are binding upon this court, see § 12-3-16, Ala. Code 1975, the main opinion properly leaves to our Supreme Court to decide whether East Central and cases with similar holdings, such as United States Fidelity Guaranty Co. v. Adams,485 So.2d 720 (Ala. 1986), should be overruled, and I therefore concur. That said, a ruling granting an insurer's motion to intervene in circumstances such as those presented in this case would not constitute an abuse of discretion. See MutualAssurance, Inc. v. Chancey, 781 So.2d 172, 176 (Ala. 2000) (Lyons, J., concurring specially).
CRAWLEY, J., joins.