PARKER, Justice.
 

 Jim Parker Building Company, Inc. (“Parker”), appeals from an order of the Jefferson Circuit Court denying its motion to intervene, to compel arbitration, and to stay the underlying litigation. We affirm in part, reverse in part, and remand.
 

 I. Facts and Procedural History
 

 On September 24, 2009, G & S Glass & Supply Company, Inc. (“G & S”), filed a complaint against Western Surety Company (“Western”) pursuant to § 39-1-1 et seq., Ala.Code 1975, commonly referred to
 
 *128
 
 as Alabama’s little Miller Act. In the complaint, G
 
 &
 
 S asserted, among other things, that it had served as a subcontractor to Parker on a construction project at the University of Alabama in Huntsville (“the project”); that Western had provided “the payment bond to Parker for the [project”;
 
 [1]
 
 that G & S completed its work on the project on April 10, 2009, including “additional work necessitated by alterations in the plans and drawings by the project architect Chapman-Sisson Architects” (“CSA”); that CSA had “accepted and approved G & S’[s] work” and had issued a “Certificate of Substantial Completion” on April 24, 2009; that G & S had made demands for payment on both Parker and Western; and that G & S “ha[d] not been fully paid for its work.” G & S alleged that Western had violated Alabama’s little Miller Act and sought recovery under a theory of quantum meruit.
 

 On November 5, 2009, Parker filed a motion seeking an order allowing it to intervene in G & S’s action against Western; compelling arbitration of all claims between Parker and G & S; and staying G & S’s action against Western pending resolution of the arbitration proceeding. In its motion, Parker asserted, in relevant part:
 

 “Pursuant to the terms of the payment bond, Parker ..., as principal, and Western ..., as surety, are ‘jointly and severally’ responsible for paying for labor and materials provided in the performance of work on the Project. Thus, should G
 
 &
 
 S ultimately prevail on its claim against Western ..., Parker ... would potentially be jointly and severally liable for satisfying such judgment. Parker ... seeks to intervene in this action to protect its interests under the payment bond and in the determination of the issue of legal liability.
 
 See Olive v. State Farm Mut. Auto. Ins. Co.,
 
 456 So.2d 310 (Ala.Civ.App.1984). Par-kerf’s] ... interests would be seriously prejudiced if it were not allowed to intervene and participate in this action.”
 

 Parker attached to its motion certain exhibits, including, among others, a copy of a contract entitled “Alabama Subcontract Agreement” entered into by Parker and G & S (“the contract”). Parker also attached to its motion a counterclaim Parker sought to file against G & S if its motion to intervene was granted, seeking damages allegedly incurred “as a result of delays caused by G & S’[s] inadequate and incomplete work and G
 
 &
 
 S’[s] failure to timely complete its work in the Project.”
 

 On November 24, 2009, the trial court entered an order granting in its entirety Parker’s motion to intervene, to compel arbitration, and to stay the litigation. On the same day, G & S filed a document styled “motion to reconsider order,”
 
 [2]
 
 ar
 
 *129
 
 guing that “the effect of the Court’s November 24, 2009 Order compelling arbitration is to strip G & S of its rights under the Little Miller Act to litigate its claims against Western ... in Circuit Court and forces it to arbitrate its claims against Parker — an option G & S declined to pursue when filing the Little Miller Act claim solely against Western.” Parker filed a response to G & S’s motion to reconsider, arguing, among other things, that “G & S’[s] claim that the Court’s Order compelling arbitration and staying this litigation somehow strips G
 
 &
 
 S of its rights under the Little Miller Act is ... absurd” because, it said, the trial court’s order “merely stays this litigation until such time as the dispute between G & S and Parker ... is resolved in arbitration.” After a hearing, the trial court entered an order on January 29, 2010, granting G
 
 &
 
 S’s motion to reconsider; vacating its November 24, 2009, order; and denying Parker’s motion to intervene, to compel arbitration, and to stay the litigation. Parker appealed.
 

 II. Standards of Review
 

 “The standard of review for a denial of a motion for permissive intervention[
 
 3
 
 ] is whether the trial court abused its discretion.
 
 Universal [Underwriters Ins. Co. v. East Central Alabama Ford-Mercury, Inc.,]
 
 574 So.2d [716,] 728 [ (Ala.1990) ].
 
 See also, New Orleans Public Service, Inc. v. United Gas Pipe Line Co.,
 
 732 F.2d 452, 470-71 (5th Cir.1984) (‘when we are asked to review a denial of permissive intervention, the question on appeal is not whether “the factors which render permissive intervention appropriate under Federal Rule of Civil Procedure 24(b) where present,” but is rather “whether the trial court committed a clear abuse of discretion in denying the motion” ’). Again, we see no reason to depart from the Federal courts’ interpretation of the corresponding Federal rule.”
 

 Universal Underwriters Ins. Co. v. Anglen,
 
 630 So.2d 441, 443 (Ala.1993).
 

 “ ‘ “[T]he standard of review of a trial court’s ruling on a motion to compel arbitration at the instance of either party is a
 
 de novo
 
 determination of whether the trial judge erred on a factual or legal issue to the substantial prejudice of the party seeking review.” ’
 
 Vann v. First Cmty. Credit Corp.,
 
 834 So.2d 751, 752-53 (Ala.2002) (quoting
 
 Ex parte Roberson,
 
 749 So.2d 441, 446 (Ala.1999) (emphasis omitted)). ‘The party seeking to compel arbitration has the initial burden of proving the existence of a written contract calling for arbitration and proving that that contract evidences a transaction involving interstate commerce.’
 
 Polaris Sales, Inc. v. Heritage Imports, Inc.,
 
 879 So.2d 1129, 1132 (Ala.2003). ‘ “ ‘[A]fter a motion to compel arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question.’ ” ’
 
 Kenworth of Birmingham, Inc. v. Langley,
 
 828 So.2d 288, 290 (Ala.2002) (quoting
 
 Fleetwood Enters., Inc. v. Bruno,
 
 784 So.2d 277, 280 (Ala.2000), quoting in turn
 
 Jim Burke Auto., Inc. v. Beavers,
 
 674 So.2d 1260, 1265 n. 1 (Ala.1995)).”
 

 
 *130
 

 I.C.E. Contractors, Inc. v. Martin & Cobey Constr. Co.,
 
 58 So.3d 723, 725 (Ala.2010).
 

 III. Discussion
 

 The issues presented in this appeal are whether the trial court exceeded its discretion in denying Parker’s motion to intervene and whether the trial court erred in denying Parker’s motion to compel arbitration.
 

 A. The Motion to Intervene
 

 “[A] denial of a motion to intervene is always an appealable order.”
 
 Farmers Ins. Exch. v. Raine,
 
 905 So.2d 832, 833 (Ala.Civ.App.2004) (citing
 
 Kids’ Klub II, Inc. v. State Dep’t of Human Res.,
 
 763 So.2d 259, 260 (Ala.Civ.App.2000);
 
 Alabama Fed. Sav. & Loan Ass’n v. Howard,
 
 534 So.2d 609 (Ala.1988)).
 

 Initially, we note that Parker’s motion to intervene did not state whether it sought intervention as of right under Rule 24(a), Ala. R. Civ. P., or permissive intervention under Rule 24(b), Ala. R. Civ. P.; the motion simply seeks an order allowing Parker to intervene “pursuant to Rule 24 of the Alabama Rules of Civil Procedure.” This Court has previously treated such motions as a request for intervention under both rules.
 
 See GEICO Ins. Co. v. Lyons,
 
 658 So.2d 445, 446 (Ala.1995) (“Because GEICO’s motion to intervene ... did not specify whether it sought intervention as of right under Rule 24(a), Ala. R. Civ. P., or permissive intervention under Rule 24(b), we treat it as a request for intervention under both procedures.”), overruled on other grounds,
 
 Ex parte State Farm Fire & Cas. Co.,
 
 764 So.2d 543 (Ala.2000). However, on appeal, Parker argues only that it should be allowed to intervene permissively in G & S’s action under Rule 24(b).
 
 See
 
 Parker’s brief, at 12-20. Because Parker has not presented any argument regarding intervention as of right under Rule 24(a), we will review the propriety of the trial court’s denial of Parker’s motion to intervene only insofar as the motion seeks permission to intervene under Rule 24(b).
 
 [4]
 

 See Tucker v. Cull-man-Jefferson Counties Gas Dist.,
 
 864 So.2d 317, 319 (Ala.2003) (‘“An appeals court will consider only those issues properly delineated as such, and no matter will be considered on appeal unless
 
 presented and argued
 
 in brief.’ ” (quoting
 
 Braxton v. Stewart,
 
 539 So.2d 284, 286 (Ala.Civ.App. 1988), citing
 
 Ex parte Riley,
 
 464 So.2d 92 (Ala.1985))).
 

 In
 
 QBE Insurance Corp. v. Austin Co.,
 
 23 So.3d 1127 (Ala.2009), this Court explained the field of operation for Rule 24(b):
 

 “Rule 24(b), Ala. R. Civ. P., provides that on a timely motion the court may permit anyone to intervene when a statute confers a conditional right to intervene or when an applicant’s claim or defense and the main action share a common question of law or fact. Rule 24(b) goes on to provide that ‘[i]n exercising its discretion the court shall con
 
 *131
 
 sider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.’ ”
 

 23 So.3d at 1131.
 

 The first requirement of Rule 24(b) is that a motion for permissive intervention be timely filed;
 
 [5]
 
 that determination is within the sound discretion of the trial court.
 
 See QBE Ins. Corp.,
 
 23 So.3d at 1131;
 
 Farmers Ins. Exch.,
 
 905 So.2d at 834 (citing
 
 Mutual Assurance, Inc. v. Chancey,
 
 781 So.2d 172 (Ala.2000), citing in turn
 
 Universal Underwriters Ins. Co. v. Anglen,
 
 630 So.2d 441 (Ala.1993)). This Court has applied the following factors in assessing the timeliness of a motion to intervene:
 

 “ ‘(1) [T]he length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor’s failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be inter-venor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.’ ”
 

 QBE Ins. Corp.,
 
 23 So.3d at 1132 (quoting
 
 United States v. Jefferson County,
 
 720 F.2d 1511, 1516 (11th Cir.1983)).
 

 The first factor we must consider is the length of time the would-be inter-venor knew or reasonably should have known of its interest in the case before it sought intervention. “The would-be inter-venor must act promptly in protecting its interest.”
 
 QBE Ins. Corp.,
 
 23 So.3d at 1132. In this case, Parker acted promptly to protect its interest, filing its motion to intervene on November 5, 2009, only six weeks after G & S filed its complaint on September 24, 2009. This factor weighs in favor of finding that Parker’s motion to intervene was timely.
 

 The second factor we must consider is “ ‘the extent of prejudice to the existing parties as a result of the would-be intervenor’s failure to apply as soon as [it] knew or reasonably should have known of [its] interest.’ ”
 
 QBE Ins. Corp.,
 
 23 So.3d at 1133 (quoting
 
 United States v. Jefferson County,
 
 720 F.2d at 1516). “[Discovery considerations are important in determining whether a motion to intervene is timely.”
 
 QBE Ins. Corp.,
 
 23 So.3d at 1133 (citing
 
 Chiles v. Thornburgh,
 
 865 F.2d 1197, 1213 (11th Cir.1989)). Parker asserts the following on appeal:
 

 “[N]o substantial discovery has yet taken place between the parties. Although G & S has issued written discovery requests to Western ..., Western ... has not yet responded to such requests.... In fact, at the time Parker ... filed its Motion, Western[’s] ... responses to the discovery requests were not yet due.... Further, no depositions have taken place, nor have any been noticed. The entire record consists only of notices of intent to serve various subpoenas, objections to those notices, and the pleadings relating to the issue now before this Court. Thus, because no substantial discovery has yet taken place, Parker[’s] ... intervention in this action would not in any way prejudice the existing parties to this litigation.”
 

 Parker’s brief, at 13-14. The record on appeal supports Parker’s assertion, and G
 
 *132
 
 & S does not dispute it. This factor also weighs in favor of finding that Parker’s motion to intervene was timely.
 

 The third factor we must consider is “‘the extent of prejudice to the would-be intervenor if [its] petition is denied.’ With regard to this factor, ‘the thrust of the inquiry must be the extent to which a final judgment in the case may bind the movant even though he is not adequately represented by an existing party.’ ”
 
 QBE Ins. Corp.,
 
 23 So.3d at 1133 (quoting
 
 United States v. Jefferson County,
 
 720 F.2d at 1517). Regarding this factor, Parker contends, among other things, that “[it] should not be denied its right to intervene and defend claims that ultimately would establish its own liability, if any; such would clearly be prejudicial.” Parker’s brief, at 15. Conversely, G & S contends that “Alabama law will not bind Parker to the final judgment in the lawsuit between G & S and Western to which Parker is not a party.” G
 
 &
 
 S’s brief, at 28.
 

 In
 
 Ex parte Flexible Products Co.,
 
 915 So.2d 34 (Ala.2005), this Court noted the well established principle that “ ‘[collateral estoppel, also known as issue preclusion, is available as a defense to relitigation of an issue in a subsequent suit
 
 between the same parties
 
 which is not on the same cause of action.’ ” 915 So.2d at 45 (quoting
 
 Martin v. Reed,
 
 480 So.2d 1180, 1182 (Ala.1985) (emphasis added)). The Court, however, also noted that “the doctrine of mutuality of estoppel[, i.e., the requirement that the parties be identical,] may be satisfied by less than a perfect identity of the parties in the first and second actions, as when particular parties are in privity.”
 
 Ex parte Flexible Products Co.,
 
 915 So.2d at 48. “The test for determining if two parties are in privity focuses on identity of interest.”
 
 Dairyland Ins. Co. v. Jackson,
 
 566 So.2d 723, 726 (Ala.1990) (citing
 
 Alabama Farm Bureau Mut. Cas. Ins. Co. v. Moore,
 
 349 So.2d 1113, 1116 (Ala.1977)). “ ‘Privity’ is a flexible legal term, comprising several different types of relationships and generally applying when a person, although not a party, has his interests adequately represented by someone with the same interests who is a party.”
 
 EEOC v. Perneo Aeroplex, Inc.,
 
 383 F.3d 1280, 1286 (11th Cir.2004) (citing
 
 Hansberry v. Lee,
 
 311 U.S. 32, 41-43, 61 S.Ct. 115, 85 L.Ed. 22 (1940)).
 

 Privity is present here because Western and Parker unquestionably share an identical interest in the underlying litigation. As noted, Western and Parker are jointly and severally liable under the payment bond to pay all persons and entities who supplied labor and materials for the project; thus, if G & S obtains a judgment against Western, then Western could seek indemnification from Parker. Hence, Western and Parker would benefit equally from a determination that G & S is not entitled to recover compensation under the payment bond for its work on the project.
 

 In its action against Western, G & S claims that it properly completed its work on the project, and, thus, G & S says, it is entitled to receive payment under the payment bond for that work; Western, however, takes the opposite position. As noted, Parker seeks to file a counterclaim against G & S for damage incurred in repairing and completing G & S’s allegedly incomplete and inadequate work. In Parker’s counterclaim, the factual issue whether G & S properly completed its work on the project will be crucial in determining if any liability exists on the part of G & S. However, because Western and Parker are in privity, the determination of the same factual issue from G & S’s action against Western would be binding in Parker’s action against G & S; that being the case, Parker would be collaterally estopped
 
 *133
 
 from relitigating that issue in any action it may have against G & S. Thus, this factor weighs in favor of finding that Parker’s motion to intervene was timely.
 

 The fourth factor we must consider is the existence of unusual circumstances militating either in favor of or against a determination that the motion to intervene is timely.
 
 QBE Ins. Corp.,
 
 23 So.3d at 1133-34. Neither Parker nor G & S has shown the existence of any unusual circumstances that would support their respective arguments regarding the trial court’s disposition of the motion to intervene. Based on the foregoing discussion of the four factors to be applied in assessing the timeliness of a motion to intervene, we conclude that Parker’s motion to intervene was timely.
 

 Because Parker has not alleged that a statute confers a conditional right to intervene in this case, we must now consider whether any of Parker’s claims or defenses and the main action share a common question of law or fact.
 
 See QBE Ins. Corp.,
 
 23 So.3d at 1131; Rule 24(b). As previously stated, G & S’s action against Western and Parker’s counterclaim against G & S share at least one crucial common question of fact—whether G & S adequately and timely completed its work on the project.
 

 Finally, we must consider whether Parker’s intervention in G & S’s action against Western will unduly delay or prejudice the adjudication of the rights of the original parties (G & S and Western); we conclude that Parker’s intervention in G
 
 &
 
 S’s action will do neither. As noted, G & S’s action was in the early stages of discovery when Parker moved to intervene in that action; thus, Parker’s intervention will likely cause only a relatively minor delay in the proceedings below. Furthermore, Parker’s intervention will not unduly prejudice G & S because, as previously stated, G & S’s action and Parker’s counterclaim involve at least one common question of fact.
 

 Based on the foregoing, we conclude that the trial court erred in denying Parker’s motion insofar as it sought to intervene in G & S’s action against Western. Accordingly, the trial court’s order is due to be reversed as to this issue.
 
 See Stallworth v. Monsanto Co.,
 
 558 F.2d 257, 270 (5th Cir.1977) (“ With little strain on the court’s time and no prejudice to the litigants, the controversy can be stilled and justice completely done’ if the appellants are granted permission to intervene.” (quoting
 
 McDonald v. E.J. Lavino Co.,
 
 430 F.2d 1065, 1074 (5th Cir.1970))).
 

 B. The Motion to Compel Arbitration
 

 As noted, the party seeking to compel arbitration has the initial burden of proving the existence of a written contract calling for arbitration and proving that that contract evidences a transaction involving interstate commerce.
 
 See I.C.E. Contractors, Inc., supra.
 
 Parker’s entire argument in moving the trial court to compel arbitration is set forth below, verbatim:
 

 “Upon granting Parkerfs] ... motion to intervene, the Court should compel G & S to arbitrate all disputes between G
 
 & S
 
 and Parker ..., including those claims included in Parker[’s] ... counterclaim. Section 17 of the Alabama Subcontract Agreement (hereinafter the ‘Subcontract’, a copy of which is attached as Exhibit ‘B’) provides that all disputes, controversies, and claims between Parker ... and G & S be settled by binding arbitration administered by the American Arbitration Association (‘AAA’).”
 

 Parker correctly states that the contract contains a provision calling for arbitration; G & S does not dispute this. However,
 
 *134
 
 Parker wholly failed to allege that the contract evidences a transaction involving interstate commerce; in fact, Parker failed to even mention the phrase “interstate commerce” in its motion to compel arbitration. In its opposition to G & S’s motion to reconsider, Parker did state that “a provision requiring arbitration of disputes between the parties and which involves interstate commerce is specifically enforceable under the Federal Arbitration Act.” However, Parker’s statement regarding interstate commerce was merely a recitation of' the law applicable to a ruling on a motion to compel arbitration; it was not a specific allegation that the transaction in this case involves interstate commerce.
 

 Also, the contract does not show on its face that the transaction involves interstate commerce. Notably, the contract fails to state that either Parker or G & S engages in business outside Alabama; instead, the contract merely states that both Parker and G & S have their principal offices in Alabama.
 
 See Bowen v. Security Pest Control, Inc.,
 
 879 So.2d 1139, 1142 (Ala.2003) (holding that a transaction involved interstate commerce, in part, because one of the parties to the transaction engaged in commerce in both Alabama and Georgia);
 
 Citizens Bank v. Alafabco, Inc.,
 
 539 U.S. 52, 57, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003) (holding that Congress’s Commerce Clause power extended to the transaction in that case because, among other things, one of the parties to the transaction “engaged in business throughout the southeastern United States”).
 

 Furthermore, Parker submitted no evidence showing that any materials, supplies, or equipment used in the project were purchased from businesses in other states.
 
 See Elizabeth Homes, L.L.C. v. Cato,
 
 968 So.2d 1, 4 n. 1 (“Evidence that a builder obtained materials and components for a house from out-of-state suppliers is sufficient to establish that a transaction for the construction and sale of a house sufficiently involved interstate commerce for purposes of the [Federal Arbitration Act].” (citing
 
 Elizabeth Homes, L.L.C. v. Gantt,
 
 882 So.2d 313, 315-17 (Ala.2003))). Moreover, because the hearing in this case was not transcribed, nothing presented at that hearing may form the basis for reversing the trial court’s denial of Parker’s motion to compel arbitration.
 
 See generally Gotlieb v. Collat,
 
 567 So.2d 1302, 1304 (Ala. 1990) (“[T]his Court is limited to a review of the record alone, and the record cannot be changed, altered, or varied on appeal by statements in briefs of counsel.... The appellants bear the burden of ensuring that the record on appeal contains sufficient evidence to warrant reversal.”).
 

 In short, Parker has failed to show on the record that it met its burden of supporting its motion to compel arbitration. Therefore, insofar as it denied the motion to compel arbitration, the trial court’s order is due to be affirmed. In
 
 Jim Burke Automotive, Inc. v. Beavers,
 
 674 So.2d 1260, 1265-66 (Ala.1995), this Court affirmed the trial court’s denial of a motion to compel arbitration, stating:
 

 “Jim Burke’s motion to compel arbitration fails even to allege that the transaction involves interstate commerce; the closest it comes is to say that ‘when an agreement substantially affects interstate commerce and contains specific provisions requiring arbitration of disputes between the parties, that agreement is specifically enforceable under the Federal Arbitration Act.’ This is a general statement of the law, not an allegation that the transaction in question involves interstate commerce. Attached to the motion is a copy of the contract, but it does not show on its face that the transaction involves interstate commerce, certainly not so plainly as to require a reversal of the denial of the motion. Codefendant American Bank
 
 *135
 
 ers Life Assurance Company of Florida asserted in its answer that it was ‘a foreign corporation licensed to do business in the State of Alabama,’ but this fact is not cited in the record as a ground for granting Jim Burke’s motion. A hearing was held, but it was not transcribed; thus, nothing presented at that hearing can be cited as a basis for reversing the denial of arbitration.”
 

 IV. Conclusion
 

 Based on the foregoing, we affirin the trial court’s order insofar as it denied Parker’s motion to compel arbitration and to stay the litigation. We reverse the trial court’s order insofar as it denied Parker’s motion for permission to intervene. We remand the cause for proceedings consistent with this opinion.
 
 [6]
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 COBB, C.J., and STUART, SHAW, and WISE, JJ., concur.
 

 [1]
 

 . In
 
 Safeco Insurance Co. of America v. Gray-bar Electric Co.,
 
 59 So.3d 649 (Ala.2010), this Court explained:
 

 " ‘[T]he purpose of a payment bond required under the little Miller Act is to "shift the ultimate risk of nonpayment from workmen and suppliers to the surety.” '
 
 [Federal Ins. Co.
 
 v.]
 
 Kruger,
 
 829 So.2d [732,] 736 [ (Ala.2002) ] (quoting
 
 American Sur. Co. v. Hinds, 260
 
 F.2d 366, 368 (10th Cir.1958)). ‘The purpose of the [little Miller] act is to provide security for those who furnish labor and material in performance of government contracts as a substitute for unavailable lien rights, and is liberally construed to accomplish this purpose.’
 
 Headley v. Housing Auth. of Prattville,
 
 347 So.2d 532, 535 (Ala. Civ.App.1977).”
 

 59 So.3d at 655-56.
 

 [2]
 

 . The Alabama Rules of Civil Procedure do not specifically provide for a "motion to reconsider.” It is clear from the substance of G & S’s motion, however, that the motion is a Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate the trial court's order. Thus, we will consider G & S’s motion as a timely filed Rule 59(e) motion.
 
 See Ex parte
 
 
 *129
 

 Alfa Mut. Gen. Ins. Co.,
 
 684 So.2d 1281, 1282 (Ala. 1996) ("[T]his Court looks to the essence of a motion, rather than its title, to determine how that motion is to be considered under [the Alabama Rules of Civil Procedure].”).
 

 [3]
 

 . Parker’s motion to intervene did not state whether it sought permissive intervention or intervention as of right. For the reasons discussed in Part III.A.,
 
 infra,
 
 we treat the motion as one seeking permissive intervention under Rule 24(b), Ala. R. Civ. P.
 

 [4]
 

 . G & S contends that Parker "waived any argument that the trial court erred in denying it permissive intervention by not arguing permissive intervention before the trial court.” G & S’s brief, at 14. However, as noted, Parker’s motion to intervene did not specify whether it sought to intervene under Rule 24(a) or Rule 24(b), Ala. R. Civ. P. Furthermore, accepting G & S’s hypertechnical argument would contravene " 'the liberal atmosphere of the Rules of Civil Procedure, which are to be construed "to secure the just, speedy, and inexpensive determination of every action.” ’ "
 
 Ex parte Caremark RX, Inc.,
 
 956 So.2d 1117, 1129 (Ala.2006) (quoting
 
 Randolph County v. Thompson,
 
 502 So.2d 357, 365 (Ala.1987), quoting in turn Rule 1, Fed.R.Civ.P.);
 
 see also
 
 Rule 1(c), Ala. R. Civ. P. ("These rules shall be construed and administered to secure the just, speedy and inexpensive determination of every action.”).
 

 [5]
 

 . G & S contends that Parker "waived its argument regarding the timeliness of its motion to intervene” because, G & S says, "Parker for the first time argues in its brief to this Court that it should be allowed to intervene under Rule 24(b).” G & S’ brief, at 18. For the reasons stated above, we reject this contention.
 
 See supra
 
 note 4.
 

 [6]
 

 . Because we conclude that the trial court correctly denied Parker’s motion insofar as it sought to compel arbitration of all claims between Parker and G & S, we need not reach the issue whether the trial court erred in denying Parker's motion insofar as it sought to stay G & S’s action against Western pending resolution of the arbitration proceeding.